STATE OF NORTH CAROLINA v. SYBIL GAYNOR

No. 822SC617

(Filed 1 March 1983)

**1. Criminal Law § 138 — second degree murder — aggravating factor — use of deadly weapon**

In imposing a sentence upon defendant's plea of guilty to second degree murder, the trial court erred in finding as an aggravating factor that defendant used a deadly weapon since use of the weapon was an element of the offense under the circumstances of this case. G.S. 15A-1340.4(a)(1).

**2. Criminal Law § 138 — second degree murder — aggravating factor — age of victim**

In imposing a sentence upon defendant for second degree murder by shooting the victim with a rifle, the trial court erred in finding as an aggravating factor that the victim was very old since defendant's single shot with the rifle would have killed the victim in the same way regardless of her age or strength.

**3. Criminal Law § 138 — second degree murder — premeditation as aggravating factor**

The trial court could properly find that premeditation was an aggravating factor when imposing a sentence upon defendant for second degree murder.

**4. Criminal Law § 138 — aggravating factors invalid — remand for resentencing**

Where two of the three aggravating factors found by the trial court were incorrect, the trial court could not have properly balanced the aggravating and mitigating factors, and the case must be remanded for resentencing.

APPEAL by defendant from *Small, Judge.* Judgment entered 8 March 1982 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 9 December 1982.

Defendant pled guilty to the charge of second degree murder. She appeals, pursuant to G.S. 15A-1444(a1), from alleged errors in the sentencing hearing. The State presented the following evidence in the sentencing hearing. Dr. Volkman, a pathologist, testified that the cause of the victim's death was massive bleeding. He said the decedent had a bullet wound in the front upper part of her left shoulder. The bullet had emerged from her arm, entered the upper part of her front left chest, went through the upper part of the left lung, through the back of the heart, through the right lung, and exited the body wall.

Defendant testified that she was thirty-seven years old and had been living with her mother in Aurora, North Carolina for

several weeks prior to killing her. She said she did not get along with her mother. On two occasions her mother threatened her, once with a hammer and once with a fire iron. Defendant described shooting her mother as follows. When her mother went to the woodshed, she went to the pump house and got the rifle she had hidden three weeks ago. Then she went to the front of the woodshed and fired one shot at her mother. She returned to the house, threw the rifle on the bed, and unsuccessfully tried to reach the sheriff on the telephone. She went to the sheriff's office in Aurora, but he was not in. Then she went to the police station in Washington, North Carolina and admitted she shot her mother.

At the close of the sentencing hearing the trial judge found the following aggravating factors pursuant to G.S. 15A-1340.4(a) (1):

9. The defendant was armed with or used a deadly weapon at the time of the crime.

10. The victim was very old.

16. Additional written findings of factors in aggravation: Some one or two weeks before the homicide the defendant hid a 22-calibre semi-automatic rifle in a pump house located behind the residence where she and her mother lived. Shortly after noon on the day of the crime, she took the gun from its hiding place, loaded it, and walked to the woodhouse where her mother was and without any provocation on the part of her mother, pointed the gun at her and fired the shot which fatally wounded her mother and the act constitutes a planned assault upon her mother for the purpose of taking her life.

The trial judge found the following mitigating factors:

1. The defendant has no record of criminal convictions. . . .

4. The defendant was suffering from a mental or physical condition that was insufficient to constitute a defense but reduced culpability for the offense.

12. Prior to arrest or at an early stage of the criminal process, the defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer.

The trial judge concluded that the factors in aggravation outweighed the factors in mitigation and imposed a sentence of thirty years, a term in excess of the presumptive sentence of fifteen years for second degree murder.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis, and Associate Attorney John F. Maddrey, for the State.*

*Franklin B. Johnston, for defendant appellant.*

VAUGHN, Chief Judge.

Defendant's appeal, pursuant to G.S. 15A-1444(a1), is limited to the issue of whether her sentence is supported by the evidence introduced at the sentencing hearing. *State v. Davis,* 58 N.C. App. 330, 293 S.E. 2d 658 (1982). She contends that the trial court erred in finding each of the aggravating factors and in concluding that the aggravating factors outweighed the mitigating factors.

[1] Defendant argues that the court erred in finding, as an aggravating factor, that she used a deadly weapon. We agree. "Evidence necessary to prove an element of the offense may not be used to prove any factor in aggravation. . . ." G.S. 15A-1340.4 (a)(1). In this case the offense was second degree murder which was committed by defendant shooting her victim with a rifle. Murder in the second degree is "the unlawful killing of a human being with malice, but without premeditation and deliberation." *State v. Foust,* 258 N.C. 453, 458, 128 S.E. 2d 889, 892 (1963). "The intentional use of a deadly weapon as a weapon, when death proximately results from such use, gives rise to the presumptions that (1) the killing was unlawful and (2) done with malice, and an unlawful killing with malice is murder in the second degree." *State v. Duboise,* 279 N.C. 73, 81, 181 S.E. 2d 393, 398 (1971). In this case, the intentional use of the rifle, resulting in the victim's death, composed the elements of second degree murder. On these facts the rifle was evidence necessary to prove an element of the offense, and cannot be used to prove any factor in aggravation.

[2] Defendant's next argument is that the trial judge erred in finding, as an aggravating factor, that the victim was very old. Defendant contends that this finding was not supported by any

State v. Gaynor

evidence. The psychiatric evaluation contained evidence, however, that defendant was thirty-seven years old, and the seventh of eight children, which indicates that the victim was very old. Every aggravating factor, however, must be "reasonably related to the purposes of sentencing." G.S. 15A-1340.4(a). The purposes of sentencing are as follows:

> The primary purposes of sentencing a person convicted of a crime are to impose a punishment commensurate with the injury the offense has caused, taking into account factors that may diminish or increase the offender's culpability; to protect the public by restraining offenders; to assist the offender toward rehabilitation and restoration to the community as a lawful citizen; and to provide a general deterrent to criminal behavior.

G.S. 15A-1340.3. Under some circumstances the extreme old age or extreme youthfulness of the victim may increase the offender's culpability. This is primarily because of the victim's relative defenselessness; for example, assaulting a frail, elderly person may be more blameworthy than assaulting a strong young man. In this case, however, where the victim was shot with a rifle, we fail to see how the victim's old age increased defendant's culpability. Regardless of the age or strength of the victim, defendant's single shot would have killed her in the same way. For this reason, we hold that the trial judge incorrectly found the victim's age to be an aggravating factor.

[3] Defendant next contends that the trial judge erred in finding, as an aggravating factor, that the attack on her mother was premeditated. She argues that the same evidence, the rifle, was used to prove two factors in aggravation: the use of a deadly weapon and premeditation. Even if we had not found that the use of a deadly weapon should not have been an aggravating factor, defendant's assignment of error is without merit. While it is true that "the same item of evidence may not be used to prove more than one factor in aggravation," G.S. 15A-1340.4(a)(1), this aggravating factor was not based solely on the rifle, but was based on defendant's actions in removing the rifle from its hiding place and, without any provocation, fatally wounding her mother in a planned assault. Moreover, defendant's plea bargain for murder in the second degree does not preclude the trial judge from review-

ing all the circumstances surrounding the offense in finding aggravating factors. *State v. Melton*, --- N.C. ---, --- S.E. 2d --- (417A82) (filed 11 January 1982). The aggravating factor of premeditation, when proven by a preponderance of the evidence, is reasonably related to the purposes of sentencing when a defendant pleads guilty to second degree murder. *State v. Melton, supra.*

[4] Defendant assigns as error the trial judge's conclusion that the aggravating factors outweighed the mitigating factors. Although the weighing of the aggravating and mitigating factors is a matter within the sound discretion of the trial judge, *State v. Davis, supra,* in this situation, where two of the three aggravating factors were incorrect, we fail to see how the trial judge could have properly balanced the aggravating and mitigating factors.

For the reasons stated, defendant's sentence must be vacated, and the case remanded for resentencing.

Vacated and remanded.

Judges WELLS and WHICHARD concur.