STATE OF NORTH CAROLINA v. HELEN RIVERS A/K/A HELEN RIVERS DEVONE

No. 834SC6

(Filed 18 October 1983)

1. **Criminal Law § 138— voluntary manslaughter—use of deadly weapon as aggravating factor**

    In imposing a sentence upon defendant for voluntary manslaughter, the trial court erred in considering defendant's use of a deadly weapon as an aggravating factor because such evidence was necessary to prove the unlawful killing element of the crime. G.S. 15A-1340.4(a)(1).

2. **Criminal Law § 138— voluntary manslaughter—age of victim as aggravating circumstance**

    In imposing a sentence upon defendant for voluntary manslaughter by shooting the victim with a rifle, the trial court erred in considering the victim's age of 71 as an aggravating factor since defendant did not take advantage of the victim's age or helplessness to commit the crime.

3. **Criminal Law § 138— aggravating circumstance—deception in early stages of investigation**

    The trial court erred in finding as an aggravating factor that defendant was deceptive in the early stages of the investigation since the fact that the General Assembly made cooperation with the authorities a mitigating factor does not give a court license to find the absence of cooperation as an aggravating factor, and the use of lack of cooperation as an aggravating factor to increase a sentence impermissibly infringes upon an accused's right to plead not guilty.

APPEAL by defendant from *Bruce, Judge.* Judgment entered 8 September 1982 in Superior Court, SAMPSON County. Heard in the Court of Appeals 23 September 1983.

Defendant pled guilty to voluntary manslaughter for the shooting death of her common law husband. She was sentenced to

15 years in prison. Her assignments of error relate solely to her sentence.

*Attorney General Rufus Edmisten, by Special Deputy Attorney General David S. Crump, for the State.*

*Bacon & Cummings, by William M. Bacon, III, for the defendant appellant.*

BECTON, Judge.

I

At the plea acceptance hearing, the State presented evidence tending to show that on the afternoon of 3 April 1982, the Sampson County Sheriff's Department received a telephone call from a woman who said that there had been a shooting and that she needed an ambulance. The woman refused the dispatcher's request for her name, and she gave the dispatcher an incorrect telephone number. When asked by the dispatcher if the shooting was accidental, the woman responded: "No, I shot him."

Shortly, rescue personnel arrived at the scene of the shooting and found a man lying on his back and a woman, the defendant. The defendant and the victim were the only persons in the house when the rescue personnel arrived. Defendant said to the rescue men, "you'll never find out where the gun is." Underneath the man was a loaded, but uncocked, shotgun. Defendant tried to grab the shotgun when they removed it from underneath the man's body. One of the rescue men stated that defendant was very uncooperative. Defendant smelled of alcohol and appeared to be intoxicated.

After being advised of her rights, defendant stated to the first detective to arrive on the scene that the man "hit me and knocked me cold." She further stated that they had had an argument and that the man was coming after her with a shotgun when she grabbed her rifle and shot him before he could shoot.

The next day, an S.B.I. agent conducting a crime scene search found a .22 rifle underneath the bed in the bedroom where the man, Raymond Devone, had been shot. A bullet removed from the victim's body was subsequently analyzed to have been shot from the rifle. In addition to the cartridge actually fired, an un-

fired cartridge was found beside Devone, and another cartridge had jammed in the chamber of the rifle.

Defendant told the S.B.I. agent that she had been living with Mr. Devone, who was 75 years old, for several years; that they had been arguing over some Ginsu knives and bowls she had ordered; that Devone was going to "blow her brains out"; and that he went to get his shotgun, but that she shot him first.

Defendant said Devone was holding the shotgun over her when she shot him. However, the evidence from the State's expert would have shown that Devone was either sitting or lying down when he was shot as indicated by the downward path of the bullet. The S.B.I. agent could find no evidence of defendant being struck or beaten, and was given conflicting statements by defendant as to where she had been struck.

Defendant also took a polygraph test, which indicated that she was being deceptive when she gave a negative answer to the question whether she had intentionally lied to the examiner in any way about what Devone was doing when he was shot, and when she gave an affirmative answer to the question whether Devone was holding a gun when he was shot.

II

At the sentencing hearing, defendant presented several witnesses who testified that defendant's character was good despite her drinking problem.

In his statement to the court, the district attorney said he had gone over the aggravating factors and that he could not "justify pointing any out." He further stated that defendant was a good woman who had never bothered anyone but who had a drinking problem and that her drinking was what killed Devone.

As aggravating factors, the court found:

9. The defendant was armed with or used a deadly weapon at the time of the crime.

10. The victim was very old.

16. At early stages of the investigation the defendant was deceptive in that she attempted to mislead the investigators.

As mitigating factors the court found:

1. The defendant has no record of criminal convictions or a record consisting solely of misdemeanors punishable by not more than 60 days imprisonment.

4. The defendant was suffering from a mental or physical condition that was insufficient to constitute a defense but significantly reduced his culpability for the offense, to wit: alcoholism.

13. The defendant has been a person of good character or has had a good reputation in the community in which he lives.

The court found that the aggravating factors outweighed the mitigating factors and sentenced defendant to 15 years. The presumptive term for voluntary manslaughter, a Class F felony, is six years. N.C. Gen. Stat. § 14-18 (1981); N.C. Gen. Stat. § 15A-1340.4(f)(4) (Cum. Supp. 1981).

### III

[1] Defendant first contends that the use of a deadly weapon was improperly considered as an aggravating factor because it was evidence necessary to prove an element of the offense. N.C. Gen. Stat. § 15A-1340.4(a)(1) (Cum. Supp. 1981). We agree.

Manslaughter is defined as "the unlawful killing of a human being without malice, express or implied, without premeditation and deliberation, and without the intention to kill or to inflict serious bodily injury." *State v. Roseboro*, 276 N.C. 185, 194, 171 S.E. 2d 886, 892 (1970), *death sentence rev'd.*, 403 U.S. 948, 29 L.Ed. 2d 860, 91 S.Ct. 2289 (1971). In order to convict defendant of manslaughter, the State, therefore, had to prove an unlawful killing. In order to prove an unlawful killing in the present case, the State had to prove the use of a deadly weapon, the rifle. The use of the rifle was evidence necessary to prove an element of the offense, and, therefore, was improperly considered as an aggravating factor. G.S. § 15A-1340.4(a)(1); *State v. Green*, 62 N.C. App. 1, 301 S.E. 2d 920 (1983).

### IV

[2] We also agree with defendant that the court improperly considered the victim's age as an aggravating factor. Although the

General Assembly has prescribed that extreme youth or old age of the victim may be considered as an aggravating factor, the age of the victim should not be considered as an aggravating factor unless it appears that the defendant took advantage of the victim's relative helplessness to commit the crime, or that the victim's age or infirmity increased the harm. G.S. § 15A-1340.4(a)(1); *State v. Gaynor*, 61 N.C. App. 128, 300 S.E. 2d 260 (1983); *State v. Mitchell*, 62 N.C. App. 21, 302 S.E. 2d 265 (1983); *see also, State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983).

In the present case, the defendant, who was 41 years old, shot the victim with a .22 rifle. She did not take advantage of the victim's age or helplessness to commit the crime. The victim was shot in the chest and died as a result of a gunshot wound in the aorta. The victim's age did not worsen the harm, as the strongest man might have succumbed.

## V

[3]  Defendant's last contention is that the court erred in finding as an aggravating factor that she was deceptive in the early stages of the investigation. She argues that the fact that the General Assembly made cooperation with the authorities a mitigating factor does not give a court license to find the absence of cooperation as an aggravating factor. With this statement we concur. The use of the lack of cooperation as an aggravating factor to increase a sentence impermissibly infringes upon an accused's right to plead not guilty. *State v. Blackwood*, 60 N.C. App. 150, 298 S.E. 2d 196 (1982).

In the present case, defendant freely admitted killing Devone. Indeed, the evidence would have supported a finding in mitigation that she voluntarily acknowledged wrongdoing at an early stage of the investigation. Defendant voluntarily reported the shooting to the Sheriff's Department and she remained at the scene when she could have run. There is no evidence or proof that defendant intentionally gave the wrong phone number. Defendant was intoxicated at the time. Her actions did not impede the arrival of the authorities.

## VI

Because the court erred in its findings of factors in aggravation, the case must be remanded for a new sentencing hearing. *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983).

Remanded for resentencing.

Judges JOHNSON and BRASWELL concur.