STATE OF NORTH CAROLINA v. TENIS SAMUEL GORE, JR.

No. 835SC984

(Filed 1 May 1984)

**Criminal Law § 138— aggravating and mitigating factors improperly found**

In a prosecution for felonious breaking and entering and felonious larceny, the trial court erred in finding as aggravating factors that the offenses were committed for hire or pecuniary gain, and that the defendant induced others to participate in the commission of the offenses or occupied a position of leadership or dominance of other participants since the evidence did not support these factors. Further, the court erred in failing to find as a mitigating factor that at an early stage of the criminal process, the defendant voluntarily acknowledged wrongdoing in connection with the offenses to law enforcement officers.

APPEAL by defendant from *McConnell, Judge.* Judgment entered 2 February 1983 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 14 March 1984.

*Attorney General Edmisten, by Associate Attorney General Barbara P. Riley for the State.*

*Hockenbury & Smith, by Jay D. Hockenbury, for defendant appellant.*

BECTON, Judge.

In November, 1982, defendant, Tenis Samuel Gore, Jr., and three others were arrested in connection with a series of house breakings occurring in New Hanover County during October and November 1982. On 1 February 1983, the defendant pleaded guilty to six counts of felonious breaking and entering and six counts of felonious larceny pursuant to a plea bargain whereby all of defendant's charges were to be consolidated for judgment into three cases, each having a maximum exposure of ten years, so that the maximum total exposure for the defendant was to be thirty years in prison. From judgments imposing a twenty-five year active prison sentence, defendant appeals, contending that the trial court erred in its consideration of, and the weight it gave to, the various aggravating and mitigating circumstances. For error committed by the trial court in finding two aggravating factors and in failing to find an additional mitigating factor, we remand for resentencing.

Following defendant's sentencing hearing, the trial court found one mitigating factor—that defendant was 21 years of age —and the following aggravating factors:

(1) The defendant induced others to participate in the commission of the offense or occupied a position of leadership or dominance of other participants;

(3) The offense was committed for hire or pecuniary gain;

(13) The offense involved an attempted or actual taking of property of great monetary value or damage causing great monetary loss, or the offense involved an unusually large quantity of contraband;

(15) The defendant has a prior conviction or convictions for criminal offenses punishable by more than sixty days confinement; and

(16) The defendant was involved in six breaking and enterings in the City of Wilmington.

It is only necessary to discuss aggravating factors (1) and (3) since we find no error in the trial court's findings with regard to the other aggravating factors.

We reject the State's argument that the "totality of [the] evidence presented amply supports [the] trial court's finding" that the defendant induced others to participate in the commission of the offense or occupied a position of leadership or dominance of other participants. The State points out that (a) defendant, unlike some of the co-defendants, was involved in all the break-ins; (b) defendant had a list of people living on Edgewater Lane that he considered the most lucrative to rob; and (c) defendant gave a detailed statement to the police revealing how the offenses were perpetrated, who was involved in each, and the location of approximately half of the stolen property. In our view, this evidence is insufficient to support the trial court's finding. The aggravating factor at issue in this case cannot be proved by conjecture. The record contains no direct evidence that the defendant was the leader or held dominance over the other participants. This matter must therefore be remanded for resentencing. *See State v. Setzer*, 61 N.C. App. 500, 301 S.E. 2d 107, *disc. rev. denied*, 308 N.C. 680, 304 S.E. 2d 760 (1983).

The trial court also erred in finding as an aggravating factor that the offenses were committed for hire or pecuniary gain, since there is no evidence that defendant was hired or paid to commit the offenses. *See State v. Abdullah*, 309 N.C. 63, 306 S.E. 2d 100 (1983).

With regard to defendant's assignments of error relating to mitigating factors, we find no evidence suggesting that defendant aided in the apprehension of another felon. Consequently, the trial court properly refused to find such as a mitigating factor. The evidence is unequivocal, however, in showing that at an early stage of the criminal process, the defendant voluntarily acknowledged wrongdoing in connection with the offenses to law enforcement officers. The prosecuting attorney conceded as much at the sentencing hearing. The following excerpt from the testimony of Officer Ramsey, is sufficient to require a remand since the trial court refused to consider this evidence as a mitigating factor:

Tenis Gore's statement was the longest statement of all the defendants. He went into detail about how he went into the places, who was with him, who drove the car, where the stuff went after it was stolen, and how much money was received. As a result of my investigation of this case, everything that

he has told us has been substantially true. It is fair to say that after he was arrested he helped us collect at least fifty percent of the merchandise that was out in the woods in different places.

For the above reasons, this case is

Remanded for resentencing.

Judges WEBB and EAGLES concur.