STATE OF NORTH CAROLINA v. RANDOLPH FAIR

No. 8427SC1161

(Filed 5 November 1985)

1. **Criminal Law § 48.1— silence of defendant—admission as harmless error**
    While the admission of a police officer's testimony that after being warned of his *Miranda* rights, defendant declined to make any statement may have been erroneous, such error was not prejudicial where no one else was present, no accusatory or incriminating statement requiring a response had been made, and defendant's silence was to be expected.

2. **Criminal Law § 34.4— evidence of other crime—competency to connect defendant with stolen money**
    An identification card fraudulently obtained from the Department of Motor Vehicles that was dropped by defendant when police approached was properly admitted to connect defendant with money also dropped by defendant even though it may have shown defendant's commission of another crime.

3. **Burglary and Unlawful Breakings § 5.4; Larceny § 7.4— inability to identify stolen money—applicability of recent possession doctrine**
    Although the victim was unable to identify money found in defendant's possession as money stolen from her home, the trial court properly instructed the jury on the doctrine of possession of recently stolen property where there was evidence that a small bag of coins was stolen from the victim's house, defendant was seen leaving the victim's house with what looked like a small bag in his hand, and officers pursued and caught defendant with a toboggan full of coins before he could leave the area.

4. **Criminal Law § 138— victim's age as improper aggravating factor**
    The trial court erred in finding as an aggravating factor for felonious breaking or entering and misdemeanor larceny that the victim was very old where the evidence showed that the victim was 76 years old but failed to show that her age was a factor in the crimes or that the harm was worsened because of her age.

APPEAL by defendant from *Collier, Judge.* Judgment entered 29 May 1984 in Superior Court, GASTON County. Heard in the Court of Appeals 22 August 1985.

Defendant was convicted of felonious breaking or entering and misdemeanor larceny. The State's evidence, in pertinent part, tended to show that: About 11 o'clock on the morning of 26 January 1984, a few minutes after Ms. Ollie Broome left for work, a neighbor saw defendant enter her house through a window and telephoned the police and another neighbor, who saw defendant leave the house, carrying something in his left hand that looked like a bag, and walk into the woods at the end of the street. A few minutes later the police surrounded the wooded area and an adjoining railroad yard and as they approached defendant he dropped a toboggan containing 26 quarters, 36 nickels, 40 dimes and 89 pennies, as well as 21 one dollar bills, 5 ten dollar bills, 4 five dollar bills, and a pocketbook containing an identification card issued by the Department of Motor Vehicles pursuant to G.S. 20-37.7; the card had defendant's picture on it, but was issued to a deceased person. Ms. Broome, upon being called by the police, returned home and found that a locked wardrobe had been broken into and about $900 in bills and a small bag nearly full of change had been taken. She admitted that she had no way of identifying any of the coins and bills in defendant's possession as being the same coins and bills that were stolen from her.

*Attorney General Thornburg, by Assistant Attorney General Douglas A. Johnston, for the State.*

*Appellate Defender Stein, by Assistant Appellate Defender Leland Q. Towns, for defendant appellant.*

PHILLIPS, Judge.

[1-3]  Defendant contends that his trial was erroneously prejudiced by the court in three respects—by receiving into evidence testimony that he said nothing following his arrest and the *Miranda* warnings; by receiving evidence concerning his false identification card; and by charging the jury on the doctrine of recent possession. These contentions have no merit and require little discussion. The arresting officer testified that after warning defendant of his *Miranda* rights the defendant declined to make any statement and he asked him no questions. Though this may

have been error, under the circumstances it was not prejudicial, in our opinion. No one else was present, no accusatory or incriminating statement requiring a response had been made by anyone, and defendant's silence was to be expected; it was not tantamount to an admission of anything, and implied, at most, only that he preferred to remain silent, as was his right. And the fraudulently obtained identification card that had defendant's likeness on it was not erroneously received just to show that defendant had committed other crimes and was thus a bad man, as defendant contends; it was received for the proper purpose of connecting him with the coins and bills that he also dropped when the police approached. And contrary to defendant's contention, the doctrine of recent possession did arise on the evidence presented and was properly charged by the court, even though Ms. Broome could not positively identify the 191 quarters, dimes, nickels and pennies in defendant's toboggan as being the identical coins that were stolen from her house but a few moments earlier. While the recent possession doctrine, of course, does not apply unless the property recently possessed is that which was stolen, *State v. Maines*, 301 N.C. 669, 273 S.E. 2d 289 (1981), this fact, as all others in criminal cases, can be established by circumstantial evidence. And, to say the least, the circumstances recorded in this case—of defendant being seen leaving Ms. Broome's house with what looked like a small bag in his hand; of a small bag of coins being stolen from her house; and of law officers pursuing and catching him with a toboggan full of coins before he could leave the area—were sufficient to establish that the coins then possessed were some of the same ones stolen from Ms. Broome's house a few minutes earlier. In a case also involving stolen currency that the owner could not positively identify as his, our Supreme Court recognized that the recent possession doctrine nevertheless could apply if the jury found beyond a reasonable doubt from the evidence that the bills possessed by the defendant were those stolen from the owner. *State v. Jackson*, 274 N.C. 594, 164 S.E. 2d 369 (1968). A new trial was granted in that case, not because the doctrine was charged, but because the charge failed to make plain that the State had the burden to prove that the money possessed was the same money that was stolen. In this case the charge had no such defect. Thus, we find no error in defendant's conviction.

[4] But defendant's contention that he is entitled to be resentenced is well taken and we remand the matter to the Superior

Court for that purpose. As a basis for exceeding the presumptive sentence the court found as aggravating factors that the victim of the crime was very old and that defendant had a prior conviction of criminal offenses punishable by more than sixty days confinement. The finding as to defendant's criminal record was proper, as the District Attorney read of defendant's convictions from his court record and no objection was made thereto. *State v. Massey*, 59 N.C. App. 704, 298 S.E. 2d 63 (1982). But in our opinion the finding as to the victim's age was not proper. Though the evidence shows that Ms. Broome was 76 years old at the time it does not show that her aged condition was a factor in the crime being committed or that the harm was worsened because of that fact. *State v. Rivers*, 64 N.C. App. 554, 307 S.E. 2d 588 (1983). So far as the record shows, defendant simply entered and stole from an unoccupied house and the victim's age had nothing to do with it.

No error as to the trial.

Vacated and remanded as to the sentence.

Judges WELLS and WHICHARD concur.