STATE OF NORTH CAROLINA v. REGINALD DeWAYNE LONG

No. 185A85

(Filed 18 February 1986)

1. **Criminal Law § 138.40— failure to find voluntary acknowledgment of wrongdoing—confession after warrants and arrest—no error**

   The trial court did not err by failing to find the mitigating factor that defendant voluntarily acknowledged wrongdoing at an early stage of the criminal process where he did not confess until twelve days after warrants were issued for his arrest and one day after he was actually arrested. Defendant was not entitled to the mitigating factor under these facts and it cannot be said that the trial judge's ruling was so arbitrary that it could not have been the result of a reasoned decision.

2. **Criminal Law § 138.14— sentence less than presumptive term—no mitigating factors—any error in aggravating factors harmless**

   A sentence of ten years imprisonment for four consolidated convictions of first degree kidnapping was less than the presumptive sentence for that crime and, where the trial judge found no mitigating factors, any error in the aggravating factors was harmless.

3. **Criminal Law § 146.2— life sentence for burglary—judgment fatally flawed—remanded**

   A sentence of life imprisonment for first degree burglary was fatally flawed where the Judgment and Commitment correctly stated that defendant had been charged with first degree burglary and felonious larceny but listed only first degree burglary as the offense for which defendant was being sentenced and, after correctly identifying first degree burglary as a Class C felony, incorrectly stated that the sentence for that crime was mandatory life imprisonment. The trial judge was clearly acting under a misapprehension of law.

**4. Criminal Law § 138.24— assaults — victims' ages eleven and fourteen — aggra-vating factor of youth — error**

    The trial judge erred when sentencing defendant for felonious assault by finding as an aggravating factor that the child victims, ages eleven and fourteen, were very young. The victims were not at the beginning of the age spectrum and the State failed to show that they were rendered more vulnerable to defendant's assault than the average person would be by reason of their age. N.C.G.S. 15A-1340.4(a)(1)(j).

APPEAL by defendant pursuant to N.C.G.S. § 7A-27(a) from the judgments entered by *Walker, J.,* at the 4 March 1985 Criminal Session of FORSYTH County Superior Court.

Defendant pleaded guilty to first degree burglary and felonious larceny, four charges of first degree kidnapping consolidated for judgment, and assault with a deadly weapon inflicting serious injury. Defendant received a sentence of life imprisonment for burglary and larceny, a concurrent sentence of ten years for kidnapping, and a sentence of ten years for felonious assault to run consecutively to the kidnapping sentence.

At approximately 2:15 p.m. on 15 November 1984 defendant came to the residence of Dorothy Houlihan in Winston-Salem. Mrs. Houlihan recognized defendant as the son of the man who did her yard work and let him into her house to use the telephone.

After using the telephone defendant grabbed Mrs. Houlihan, pulled her forward and backward by the hair and slapped her face on both sides. In the struggle, Mrs. Houlihan fell over a table and defendant put out a cigarette on her eyelid. When she called her dog, defendant asked her if she wanted him to kill her dog and if she wanted to die. He also held pruning shears to her throat.

Sometime later defendant released Mrs. Houlihan and she asked for a glass of water. He allowed her to go to the kitchen to get some water and had her bring him a beer. When defendant asked Mrs. Houlihan to close some drapes, she ran out of a door and across the street to a neighbor's house. She saw defendant run out of her house and go to a parked car which he had pointed out to her earlier.

On the same day at approximately 10:00 p.m., defendant entered the residence of Mary Ann Steintrager of Winston-Salem through an unlocked door. He was carrying a metal baseball bat.

Mrs. Steintrager and her two daughters, Megan, age eleven, and Rebecca, age fourteen, were in the house when defendant entered. When Mrs. Steintrager confronted defendant, he struck her with the baseball bat. At this point Megan began to run and defendant hit her with the baseball bat. All of this occurred on the second floor. When Rebecca came running up the stairs defendant struck her with the baseball bat and kicked her in the mouth. The Steintragers were then forced down a hallway where defendant used sheets, pillowcases, and appliance cords to bind them. After securing the Steintragers, defendant demanded money and forced Mrs. Steintrager to go toward the kitchen, which was on the second floor, to get her purse. Defendant grabbed the purse which contained approximately $5.00 and also took two rings, one of which was Mrs. Steintrager's wedding band. After defendant grabbed Mrs. Steintrager's purse he dragged her to a small passageway and told her to raise her gown. She refused and defendant struck her on the head with the baseball bat. Mrs. Steintrager then told her children to make noise. Defendant, appearing to have been frightened by the noise, forced the family members to go back up to the second floor. Mrs. Steintrager managed to lock herself and the children in a bedroom. She then escaped with the children onto a deck and crossed the street to a neighbor's house to call the police.

Megan suffered a ruptured spleen which required surgery and a stay in the hospital of approximately five days. A number of Mrs. Steintrager's ribs were broken and her kidneys and lungs were bruised. Rebecca was badly bruised all over her body.

Mrs. Steintrager identified defendant as her assailant and testified that he was a helper of a Mr. Hill who had done lawn work for her.

Defendant admitted that he had attacked Mrs. Houlihan but testified that he was under the influence of intoxicants including heroin. This testimony contradicted his out-of-court statement to the police that he had not used any drugs on 15 November 1984. Defendant claimed that he had lied to the police because he feared another felony charge. He also testified that he brought a baseball bat with him to the Steintrager residence because he knew that dogs were kept there and that he struck the Steintragers because he panicked when he discovered people in the residence.

*Lacy H. Thornburg, Attorney General, by T. Buie Costin, Special Deputy Attorney General, for the State.*

*Berrell F. Shrader, Attorney for defendant-appellant.*

BRANCH, Chief Justice.

[1] Defendant received sentences for first degree burglary and felonious assault that were greater than the presumptive terms. By his first assignment of error defendant argues that he was entitled to a finding by the trial judge of the mitigating factor that he voluntarily acknowledged his wrongdoing to a law enforcement officer at an early stage of the prosecution. We disagree.

> Under the Fair Sentencing Act, the trial court must consider every statutory mitigating factor where, as is the case here, sentences in excess of the presumptive term are imposed. G.S. § 15A-1340.4(a). G.S. § 15A-1340.4(a)(2)(l) lists as a mitigating factor that '[p]rior to arrest or at an early stage of the criminal process, the defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer.' In *State v. Graham,* 309 N.C. 587, 308 S.E. 2d 311 (1983), we said that, with regard to this mitigating factor, 'criminal process' begins upon either the issuance of a warrant or information, upon the return of a true bill of indictment or presentment, or upon arrest. We went on to hold that a defendant was *entitled* to a finding of this statutory mitigating factor if his confession was made prior to the issuance of a warrant or information, prior to the return of a true bill of indictment or presentment, or prior to arrest, *whichever comes first.*

*State v. Thompson,* 314 N.C. 618, 625, 336 S.E. 2d 78, 82 (1985).

If defendant fails to confess before the first of these events occurs he is no longer entitled as a matter of right to a finding of this statutory mitigating factor. *State v. Brown,* 314 N.C. 588, 594, 336 S.E. 2d 388, 392 (1985). In that case it is for the trial judge to determine in the exercise of his discretion whether the confession was made sufficiently early in the criminal process to qualify as a mitigating factor. *Id.* at 595, 336 S.E. 2d at 392.

Warrants for defendant's arrest were issued on 16 November 1984. Defendant was arrested eleven days later on 27 Novem-

ber 1984. He did not admit his guilt until the day after his arrest. Under these facts it is clear that defendant is not *entitled* to a finding that he acknowledged his guilt at an early stage of the criminal process. In exercising his discretion the trial judge determined that defendant's statement was not made sufficiently early in the criminal process to qualify as a mitigating factor.

Matters within the discretion of the trial court are not subject to reversal by an appellate court absent a clear abuse of that discretion. *White v. White*, 312 N.C. 770, 324 S.E. 2d 829 (1985). "A trial court may be reversed for an abuse of discretion only upon a showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision." *State v. Thompson*, 314 N.C. 618, 626, 336 S.E. 2d 78, 82.

In the instant case defendant did not confess until twelve days after warrants were issued for his arrest and one day after he was actually arrested. In light of this evidence we cannot say that the trial judge's ruling was so arbitrary that it could not have been the result of a reasoned decision. Therefore, we hold that the trial judge did not abuse his discretion.

[2] Before considering defendant's remaining assignments of error, which concern the trial judge's finding of aggravating factors, we note that defendant's sentence of ten years imprisonment for the four consolidated convictions of first degree kidnapping is less than the presumptive sentence for that crime. Since the trial judge found no mitigating factors to exist, any error in the aggravating factors found is harmless so far as defendant's sentence for kidnapping is concerned.

[3] Defendant challenges the life sentence he received for first degree burglary on the basis that the trial judge improperly found certain aggravating factors. We need not consider this argument because the sentence for first degree burglary entered against defendant is fatally flawed. *See State v. Hunter*, 315 N.C. 371, 338 S.E. 2d 99 (1986) (judgment is a part of the record and appeal presents the face of the record for review); *State v. Cooper*, 288 N.C. 496, 219 S.E. 2d 45 (1975) (appeal is an exception to the judgment and raises the issue of whether there is error appearing on the face of the record).

Defendant pleaded guilty to first degree burglary and felonious larceny. The Judgment and Commitment correctly states that

defendant had been charged with both offenses, but lists only first degree burglary as an offense for which defendant was being sentenced. Further, the Judgment and Commitment, after correctly identifying first degree burglary as a Class C felony, incorrectly states that the sentence for that crime is mandatory life imprisonment.

"[I]t is uniformly held by decisions of this Court that where it appears that the judge below has ruled upon matter before him upon a misapprehension of the law, the cause will be remanded to the Superior Court for further hearing in the true legal light." *Stanback v. Stanback*, 270 N.C. 497, 507, 155 S.E. 2d 221, 229 (1967) (quoting *State v. Grundler*, 249 N.C. 399, 402, 106 S.E. 2d 488, 490 (1959)). In the instant case the trial judge was clearly acting under a misapprehension of the law when he determined that the penalty for first degree burglary, a Class C felony, was a mandatory life sentence. Under these circumstances the trial judge could not have exercised his discretion in passing sentence, and it will be necessary to remand defendant's burglary conviction for a new sentencing hearing.

The crimes of first degree burglary and felonious larceny to which defendant pleaded guilty were charged as separate counts in the same indictment. "In cases in which there is a verdict or plea of guilty to more than one count in a warrant or bill of indictment, and the Court imposes a single judgment . . . a consolidation for the purpose of judgment will be presumed." *State v. McCrowe*, 272 N.C. 523, 524, 158 S.E. 2d 337, 339 (1968). On resentencing the larceny and burglary convictions will be consolidated.

[4] Defendant's remaining assignment of error concerns the trial judge's finding of the aggravating factor that the child victims, Megan Steintrager, eleven, and Rebecca Steintrager, fourteen, were very young. He argues that the evidence does not support this finding and that it was error for the trial judge to aggravate his sentence for felonious assault with this factor. We agree.

One of the aggravating factors established by N.C.G.S. § 15A-1340.4(a)(1)(j) is that the victim was very young, or very old or mentally or physically infirm. The *vulnerability* of the victim due to age and mental or physical infirmity is the concern addressed by this factor. *State v. Ahearn*, 307 N.C. 584, 603, 300 S.E. 2d 689, 701 (1983) (factor properly found where child victim

was twenty-four months old). In *Ahearn* the child's vulnerability was established by his tender age of twenty-four months. *State v. Hines*, 314 N.C. 522, 526, 335 S.E. 2d 6, 8 (1985). "In cases like *Ahearn* involving victims near the beginning or end of the age spectrum, the prosecution may establish vulnerability merely by relating the victim's age and the crime committed." *Id.* The age of the victim does not aggravate the crime unless the victim is more vulnerable than he would otherwise be due to his age. *Id.* at 525, 335 S.E. 2d at 8.

In this case Megan and Rebecca were not at the beginning of the age spectrum and the State has failed to show that they were rendered more vulnerable to defendant's assault than the average person would be by reason of their age. Had the State shown that due to their ages Megan and Rebecca were less able to flee or resist or were more likely to be seriously injured by defendant's assaults than the average person the trial judge could properly have found this aggravating factor. *State v. Hines*, 314 N.C. 522, 525, 335 S.E. 2d 6, 8.

Since this factor was not properly found, we must vacate the felonious assault sentence and remand for a new sentencing hearing. We need not consider if the remaining aggravating factors were properly found or could properly be applied to defendant's convictions.

We note that in this case the same set of aggravating factors was applied to each offense. Though this is not the basis of our decision in this case, we strongly disapprove of the indiscriminate use of factors present in one offense to aggravate other offenses. Care must be taken to see that all aggravating factors are relevant to the offenses to which they are applied.

Nos. 84CRS52237 )
   85CRS2213 )—First degree kidnapping—no error.
   85CRS2294 )
   85CRS2295 )

No. 84CRS52227—First degree burglary and felonious larceny—new sentencing hearing.

No. 84CRS2214—Assault with a deadly weapon with intent to kill inflicting serious injury—new sentencing hearing.