STATE OF NORTH CAROLINA v. WILLIAM E. THOMPSON

No. 142A86

(Filed 7 October 1986)

1. **Criminal Law § 138.24— aggravating factor—age of victim—not required that victim be targeted because of age**

   The trial court did not err when sentencing defendant for first degree burglary, felony breaking or entering and felony larceny by finding that the crimes were aggravated because the victim was very old where the victim was seventy-nine years old. A defendant may take advantage of the age of his victim by targeting the victim because of the victim's age, or in the actual commission of a crime against the person of the victim or in the victim's presence, knowing that the victim by reason of age was unlikely to effectively intervene or defend himself. N.C.G.S. § 15A-1340.4(a)(1)(j) (1983).

2. **Criminal Law § 138.24— aggravating factor—physically infirm victim—no error**

   The trial court did not err when sentencing defendant for burglary, felony breaking or entering, and felony larceny by finding as an aggravating factor that the victim was physically infirm where evidence stipulated to by defense counsel was that the victim had been under the care of a physician for both arthritis and angina. It is not necessary that the victim be targeted because of her infirmity; only that her condition be taken advantage of by the defendant, and the crimes here were committed in the victim's presence where her weakened condition was or should have been apparent.

3. **Criminal Law §§ 161, 138.11— resentencing—greater sentence—no exception or assignment of error**

   Whether a resentencing was improper in that it resulted in a longer sentence than that imposed during the first sentencing hearing was not properly before the Court where there was no assignment of error or exception in the record. N. C. Rules of Appellate Procedure, Rule 10(a).

BEFORE *Johnson, J.*, at the 7 February 1986 Criminal Session of Superior Court, CUMBERLAND County, defendant was resentenced for first-degree burglary, felony breaking or entering, and felony larceny.

*Lacy H. Thornburg, Attorney General, by Eugene A. Smith, Senior Deputy Attorney General, for the State.*

*James R. Parish for defendant-appellant.*

State v. Thompson

MEYER, Justice.

At the 26 June 1984 Criminal Session of Superior Court, Cumberland County, defendant pled guilty to first-degree burglary, felony breaking or entering, and felony larceny. He was sentenced by Bailey, J., to life imprisonment for burglary and two ten-year terms, one each for the breaking or entering and the larceny, these to run concurrently with the life sentence. On appeal to this Court, the defendant argued that there was insufficient evidence of three aggravating factors. We agreed as to two factors and remanded the case for resentencing. *State v. Thompson*, 314 N.C. 618, 336 S.E. 2d 78 (1985). The resentencing hearing was held at the 7 February 1986 Criminal Session of the Superior Court for Cumberland County, E. Lynn Johnson, judge presiding. After hearing evidence and arguments, Judge Johnson found three aggravating factors and imposed a life sentence for the burglary count, consolidated with the breaking or entering count, and a consecutive eight-year term for the larceny. Defendant appeals the life sentence to this Court as a matter of right pursuant to Rule 4(d) of the North Carolina Rules of Appellate Procedure, as authorized by N.C.G.S. § 15A-1444(a1) and (d) (1983). Leave was granted to bypass the Court of Appeals on the larceny count on 19 March 1986.

The charges against defendant resulted from events occurring at the home of Ms. Mary McQueen on the evening of 28 December 1983. On that evening, the defendant, together with Benny Jackson, broke into Ms. McQueen's house, tied her up, and took money and several items of personal property. As the defendant was loading the car with these items, Jackson raped Ms. McQueen. At the original sentencing hearing, Judge Bailey found that the crimes to which defendant pled guilty were aggravated by three factors: the victim was very old, the victim was physically infirm, and the property taken was of great monetary value. Judge Bailey found that these aggravating factors outweighed the mitigating factors found and sentenced defendant to terms beyond the presumptive sentences. On his first appeal to this Court, the defendant successfully argued that there was insufficient evidence of the victim's old age or infirmity. Accordingly, we remanded the case for resentencing.

At the second sentencing hearing, the State presented additional evidence of Ms. McQueen's age and physical infirmity in the form of written statements from Ms. McQueen. These statements, stipulated to by the defendant, described not only the events of the evening of 28 December but also Ms. McQueen's physical problems, including angina and arthritis. The statement also indicated that, at the time of the crimes, Ms. McQueen was seventy-nine years old. The defendant presented several witnesses and testified in his own behalf. On cross-examination, the defendant conceded that he was aware that Ms. McQueen was an "old lady," although he contended that he and Jackson had selected her as a victim because they believed she would be away from the house. After hearing the evidence and arguments of counsel, Judge Johnson found that the victim was "very old," that she was physically infirm, and that the property taken was of great monetary value.

It is well established that the State bears the burden of proof to establish the existence of aggravating factors if it seeks a term of imprisonment greater than the presumptive sentence. *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1983). The existence of such factors must be proved by a preponderance of the evidence. N.C.G.S. § 15A-1340.4(a) (1983). We find that the evidence presented by the State at the defendant's resentencing hearing met this standard with regard to the aggravating circumstances of age and infirmity.

[1] The defendant first assigns as error Judge Johnson's finding that the crimes were aggravated because Ms. McQueen was seventy-nine years old at the time of the crimes. N.C.G.S. § 15A-1340.4(a)(1)(j) (1983). On his appeal from the first sentencing hearing, the defendant contended that there was no competent evidence of Ms. McQueen's age. We agreed and ordered the case remanded for resentencing. On this appeal, the defendant apparently concedes that there was sufficient evidence that Ms. McQueen was seventy-nine years old when the crimes were committed and that seventy-nine years is "very old" for the purposes of this aggravating factor. We agree and so hold. It is now his contention, however, that, in order for this aggravating factor to apply, age must have been a reason for the selection of the victim.

The purpose of applying the aggravating factors is to punish more severely those defendants who have acted with culpability

beyond that necessary to commit the crimes of which they stand convicted. It is for this reason that no element of the crime itself may be used in aggravation. *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983). In order to be appropriately considered, the "very old" factor must relate to the purposes of sentencing.

Defendant cites *State v. Eason*, 67 N.C. App. 460, 313 S.E. 2d 221 (1984), for the proposition that " 'the underlying policy of . . . [N.C.G.S. § 15A-1340.4(a)(1)(j)] is to discourage wrongdoers from taking advantage of a victim because of the victim's young or old age or infirmity.' " *Id.* at 463, 313 S.E. 2d at 223 (quoting *State v. Mitchell*, 62 N.C. App. 21, 29, 302 S.E. 2d 265, 270 (1983)). We agree. *See State v. Barts*, 316 N.C. 666, 343 S.E. 2d 828 (1986). However, defendant goes on to argue that, in order to comport with this policy, aggravation must be reserved for those crimes where the victim is "targeted" because of age. With this latter argument, we do not agree.

There are at least two ways in which a defendant may take advantage of the age of his victim. First, he may "target" the victim because of the victim's age, knowing that his chances of success are greater where the victim is very young or very old. Or the defendant may take advantage of the victim's age during the actual commission of a crime against the person of the victim, or in the victim's presence, knowing that the victim, by reason of age, is unlikely to effectively intervene or defend himself. In either case, the defendant's culpability is increased.

In *State v. Hines*, 314 N.C. 522, 335 S.E. 2d 6 (1985), the crime involved a sixty-two-year-old male victim. The trial court had found that the victim was in good health and physical condition. Nonetheless, the judge found that the crime was aggravated because of the victim's age. This Court disagreed and held that the crime was not properly aggravated unless the victim was particularly vulnerable. In *State v. Barts*, 316 N.C. 666, 343 S.E. 2d 828, we held that a seventy-four-year-old victim was "very old" for the purposes of this statute, in spite of the fact that he was of good physical health. It was clear in that case that the victim had been targeted because of his age.

Neither *Hines* nor *Barts* was meant to restrict the aggravation of crimes to those where the victim was targeted because of age. Where the age of the victim is taken advantage of by the de-

fendant during the commission of the crime—by whatever means —the defendant's culpability is increased. It is this increased culpability that leads to a more severe punishment.

It is clear in this case that the defendant took advantage of Ms. McQueen's age. There is evidence that the defendant was aware that Ms. McQueen was an "old lady," as he described her, before he broke into her house. Moreover, there was ample evidence that the defendant was aware of the advanced age of his victim after the crimes charged were undertaken. He saw, spoke to, and helped restrain Ms. McQueen. Clearly, he took advantage of the fact that Ms. McQueen was old and unable to defend herself or her property to the extent that a younger person could have. We hold, therefore, that the trial court did not err in finding that the crimes charged were aggravated because the victim was very old.

[2] Defendant next argues that it was error for the trial court to find as an aggravating factor that the victim was physically infirm. At the sentencing hearing, the prosecutor offered a summary of evidence of Ms. McQueen's physical condition. According to this summary, Ms. McQueen had been under the care of a physician, Dr. Jordan, for both arthritis and angina. Defendant's argument, however, is that this evidence is insufficient to establish Ms. McQueen's infirmity. We disagree. This proposed evidence was stipulated to by defense counsel. Such stipulations may be considered for the purposes of aggravation. *State v. Swimm*, 316 N.C. 24, 340 S.E. 2d 65 (1986). The trial judge's finding that Ms. McQueen was physically infirm is thus supported by competent evidence.

Defendant argues that, even if Ms. McQueen was physically infirm, this fact should not be used in aggravation of the crimes because the defendant did not know of her condition before he committed the crimes. What we have said regarding the aggravating factor that the victim was very old applies here. It is not necessary that the victim be targeted because of her infirmity; only that this condition be taken advantage of by the defendant. Here, the crimes were committed in the victim's presence. Her weakened condition was or should have been apparent to him during the commission of the crimes, if not before. We hold that it was not error for the trial court to have found this aggravating factor.

**[3]** Although not denominated as a separate issue, the defendant argues that the resentencing was improper in that it resulted in a longer sentence than that imposed during the first sentencing hearing. However, no exception or assignment of error relating to this matter appears in the record. Thus, this question is not properly before us. N.C. R. App. P. 10(a).

No error.