STATE OF NORTH CAROLINA v. MERRITT DRAYTON

No. 166A87

(Filed 3 February 1988)

**Criminal Law § 138.24— second degree murder—aggravating factor—physical infirmity of victim—alcohol concentration of .29%**

The trial court properly found as an aggravating factor for second degree murder that "the victim was physically infirm because he had an alcohol concentration of .29%" where the evidence would support inferences by the trial court that defendant and his accomplices knew the victim was under the influence of alcohol and targeted him for this reason and that, when the attack on the victim began, the attackers took advantage of his physical infirmity.

Justice MEYER dissenting.

Chief Justice EXUM joins in this dissenting opinion.

APPEAL by defendant pursuant to N.C.G.S. § 15A-1444(a1) and Rule 4(d) of the North Carolina Rules of Appellate Procedure from a judgment imposing a life sentence entered by *Rousseau, Judge,* at the 18 November 1986 Criminal Session of Superior Court, FORSYTH County. Heard in the Supreme Court 7 December 1987.

The defendant pled guilty to second degree murder. The evidence introduced at the sentencing hearing showed that in April 1986, while the defendant was incarcerated in the Forsyth County jail on an unrelated charge, he confessed to an unsolved murder which had occurred on 17 September 1983. In his confession, the defendant said that he, Samuel Mitchell and Darryl Hunt were in a "drink house" when they saw Arthur Wilson buying liquor and "flashing" a large amount of money. The three men agreed to rob Wilson when he left the "drink house." They accompanied Mr. Wilson for about two blocks when he left the drink house and "clotheslined" him. As Mr. Wilson lay on the ground, they kicked him and beat him with an ax handle until the blows sounded "mushy like." The three men then took Mr. Wilson's money and left.

There was evidence that corroborated the defendant's confession. An autopsy of Mr. Wilson's body showed he died of a blunt trauma to the head and that he had a blood alcohol content of .29 percent.

The court found three aggravating factors, including a finding that "The victim was physically infirm because he had an alcohol concentration of .29%." The court found as a mitigating factor that "At an early stage of the criminal process, the defendant voluntarily acknowledged wrong-doing in connection with the offense to a law enforcement officer." The court found the aggravating factors outweighed the mitigating factor and sentenced the defendant to life in prison. The defendant appealed.

*Lacy H. Thornburg, Attorney General, by Daniel C. Oakley, Special Deputy Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, for defendant appellant.*

WEBB, Justice.

The defendant assigns error to the finding of the aggravating factor that "The victim was physically infirm because he had an alcohol concentration of .29%." The defendant contends that because a person has a blood alcohol content of .29 percent does not prove he is physically infirm. He argues further that if Mr. Wilson was physically infirm, there is no proof that he was tar-

geted for the crime because of his physical infirmity or the defendant took advantage of the infirmity in committing the crime.

The gravamen of the aggravating factor that the victim is physically infirm is vulnerability. If some disability "impedes a victim from fleeing, fending off attack, recovering from its effect, or otherwise avoid being victimized," such disability is a physical infirmity. *State v. Vaught*, 318 N.C. 480, 349 S.E. 2d 583 (1986). If the evidence shows the victim was targeted because of a physical infirmity or that the defendant took advantage of the infirmity, the aggravating factor is properly found. *State v. Thompson*, 318 N.C. 395, 348 S.E. 2d 798 (1986).

We hold that evidence that a person has a blood alcohol content of .29 percent may be used to prove that the person has a physical disability. If a person has a blood alcohol content of .10 percent while operating a motor vehicle on a street or highway in this state, he may be found guilty of impaired driving. N.C.G.S. § 20-138.1 (1983). We believe proof of a blood alcohol content of almost three times this amount supports a finding that a person's ability to flee, fend off an attack, or otherwise avoid being victimized is impaired.

In this case the perpetrators of the crime were in the "drink house" with the victim. It may be inferred from the evidence that he had a blood alcohol content of .29 percent that they knew he was under the influence of alcohol. The court could conclude from this that the defendant and his confederates targeted him for this reason. If the victim was not targeted for being under the influence of alcohol, we believe it is evident that when the attack on him began the attackers took advantage of his physical infirmity. The dissent contends that because of the sudden and powerful nature of the attack the victim's physical condition did not impede his ability to flee or fend off the attack. We believe it is evident that a person who was as much under the influence of alcohol as the victim in this case would have difficulty in seeing the attack develop or defending himself from it. This supports a conclusion that the victim's condition impeded him from fleeing or fending off the attack. This aggravating factor was properly found.

Affirmed.

Justice MEYER dissenting.

The majority holds that the trial judge acted properly in finding as a factor in aggravation of defendant's sentence that "the victim was physically infirm because he had an alcohol concentration of .29%." In my opinion, the majority's holding in this case constitutes a misapplication of the current case law concerning the aggravating factor in question, and further, it ignores the policy reasons this Court has long embraced in its sanction of the use of factors in aggravation of punishment pursuant to the Fair Sentencing Act. Accordingly, I dissent.

The majority has clearly misapplied our own case law in its resolution of the case before us. Pursuant to the Fair Sentencing Act, a trial judge is to consider certain statutory aggravating and mitigating factors in determining whether to vary a sentence of imprisonment given a criminal defendant from the presumptive term. *State v. Vaught*, 318 N.C. 480, 349 S.E. 2d 583 (1986). It is well established that the State bears the burden of proving the existence of an aggravating factor if it seeks a term of imprisonment greater than the presumptive term. *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1983). Moreover, a factor in aggravation "cannot be proved by conjecture," *State v. Gore*, 68 N.C. App. 305, 307, 314 S.E. 2d 300, 301 (1984), but rather, must be "proved by the preponderance of the evidence," *State v. Melton*, 307 N.C. 370, 373, 298 S.E. 2d 673, 676 (1983); N.C.G.S. § 15A-1340.4(a) (1983).

The statutory aggravating factor specifically at issue in the case at bar is as follows: "The victim was very young, or very old, or mentally or *physically infirm*." N.C.G.S. § 15A-1340.4(a)(1)(j) (1983) (emphasis added). The majority correctly states that the gravamen of this particular aggravating factor is vulnerability. Indeed, this Court has recently stated as much in the case of *State v. Long*, 316 N.C. 60, 65, 340 S.E. 2d 392, 396 (1986). The policy goal underlying this aggravating factor is that of discouraging wrongdoers from taking advantage of a victim's very young or very old age or mental or physical infirmity. *State v. Thompson*, 318 N.C. 395, 348 S.E. 2d 798 (1986); *State v. Eason*, 67 N.C. App. 460, 313 S.E. 2d 221 (1984).

Recent case law has made explicit the nature of the State's burden in proving by the preponderance of the evidence that this

aggravating factor in fact exists. In *State v. Thompson*, 318 N.C. 395, 348 S.E. 2d 798, a case in which this Court found no error in the trial judge's finding of both the victim's advanced age and physical infirmity in aggravation of defendant's sentence, we stated as follows concerning the age question:

> There are at least two ways in which a defendant may take advantage of the age of his victim. First, he may "target" the victim because of the victim's age, knowing that his chances of success are greater where the victim is very young or very old. Or the defendant may take advantage of the victim's age during the actual commission of a crime against the person of the victim, or in the victim's presence, knowing that the victim, by reason of age, is unlikely to effectively intervene or defend himself. In either case, the defendant's culpability is increased.

*Id.* at 398, 348 S.E. 2d at 800.

In that same opinion, we employed the identical analysis to the question of the victim's physical infirmity. In so doing, we stated that "it is not necessary that the victim be targeted because of her infirmity; only that this condition be taken advantage of by the defendant." *Id.* at 399, 348 S.E. 2d at 801. In short, in order for the trial judge's finding of that factor in the case at bar to be proper, the preponderance of the evidence must show that the deceased was *in fact* physically infirm at the time of his death. More importantly, it must also show that, because of his infirmity, the deceased was targeted for the crime *or* that the infirmity was taken advantage of by defendant during the course of the crime.

The majority concludes that the evidence in this case so shows. I simply cannot agree. The record here does not support the majority's conclusion that the victim was *in fact* infirm because of his consumption of alcohol or for any other reason. The majority simply assumes that he was infirm because anyone who has a blood alcohol content of .29 must necessarily have been rendered infirm. Even assuming arguendo, however, that the victim was *in fact* physically infirm due to drunkenness at the time of his death at defendant's hands, the record bears no evidence at all that defendant either targeted the victim due to his drunken

state or took advantage of that state during the course of the deadly assault.

I turn first to the question of whether the State has made a sufficient showing of targeting in the case at bar. It most certainly has not. Where a defendant decides to commit a crime against a person based in part at least on the increased likelihood that the crime will be successfully completed because of the intended victim's tender or advanced age or mental or physical infirmity, the trial court may properly find this aggravating factor. *See State v. Thompson*, 318 N.C. 395, 348 S.E. 2d 798. An instructive example of just such a case is this Court's decision in *State v. Barts*, 316 N.C. 666, 343 S.E. 2d 828 (1986), where we held that the aggravation of the defendant's sentence on the basis of the victim's age was proper. There, in a statement to police, the defendant stated in pertinent part that he was told prior to the offense that "the old man was real old and it would be easy to rob him." *Id.* at 694, 343 S.E. 2d at 846. In my opinion, this is precisely the type of evidence which is and should be required as a prerequisite for a trial judge's finding of this aggravating factor on the basis of targeting.

The facts of the case at bar, however, stand in stark contrast to those of the *Barts* case. In the case before us, defendant pled guilty to second-degree murder, and the bulk of the State's case in support of the plea is comprised of statements by defendant himself and by witnesses to the crime. There is not one whit of evidence in any of these several statements that the victim appeared drunk while in the bar, that defendant saw the victim take a drink on the night in question, or even that defendant in fact knew or was informed that the victim was in a drunken state. Moreover, a completely different reason for defendant's decision to rob and assault the victim is plain on the face of the record — namely, that it was obvious to defendant and his confederates that the victim had a considerable amount of money on his person that night. The majority's assertion that defendant and his confederates targeted the victim because of his drunkenness is wholly without support in the record and is, quite frankly, pure conjecture and speculation of the worst kind.

I turn next to the question of whether, alternatively, the State made a sufficient evidentiary showing that defendant and

his associates took advantage of the victim's infirmity during the commission of the offense. Once again, notwithstanding the majority's conclusion to the contrary, under our current case law, it plainly did not.

In nontargeting cases such as the one before us, this Court has held that, as a general rule, the aggravating factor in question may still be properly found only where the evidence demonstrates that the defendant took advantage of the victim's age or physical infirmity during the actual commission of the offense. *State v. Thompson*, 318 N.C. 395, 348 S.E. 2d 798. This rule is, of course, not without exceptions. In the context of age, for example, we held in *State v. Hines*, 314 N.C. 522, 526, 335 S.E. 2d 6, 8 (1985), that in cases "involving victims near the beginning or end of the age spectrum," the State's presentation of evidence of the victim's age and of the crime committed will likely suffice. We so held because of our belief that, because extremely young and extremely old persons are so clearly more vulnerable than most, those criminal defendants who commit crimes against them knowing of their relative age are unambiguously more blameworthy and, as a result, clearly deserving of more severe punishment. *Id.* at 525-26, 335 S.E. 2d at 8. In my opinion, the same would be true as to persons of obvious substantial mental or physical infirmity. Obviously, however, the case before us today is not such a case. Here, the State must *show* that defendant took advantage of the victim's physical infirmity. It has simply not done so.

It is true that, in cases such as this, the State may carry its burden under this approach by demonstrating that the victim's physical infirmity impeded his ability to flee, to fend off attack, or to otherwise avoid being victimized. *State v. Vaught*, 318 N.C. 480, 349 S.E. 2d 583. Significantly, however, the physical infirmity of the victim does not aggravate the crime if the victim is no more vulnerable to the crime in question than the "average person." *State v. Long*, 316 N.C. 60, 66, 340 S.E. 2d 392, 396. Where, because of the sudden and powerful nature of the attack, even a person of ordinary firmness could not have avoided the attack or suffered less from it, the victim's physical infirmity does not make the assault more blameworthy. *See State v. Gaynor*, 61 N.C. App. 128, 300 S.E. 2d 260 (1983); *State v. Rivers*, 64 N.C. App. 554, 307 S.E. 2d 588 (1983). In *Gaynor*, for example, the court conceded that the victim was very old, but reasoned as follows:

Regardless of the age or strength of the victim, defendant's single shot would have killed her in the same way. For this reason we hold that the trial judge incorrectly found the victim's age to be an aggravating factor.

*Gaynor*, 61 N.C. App. at 131, 300 S.E. 2d at 262.

The record reveals that the victim, who had accepted defendant's invitation to accompany him in walking from the bar to a nearby store, had no forewarning of the assault on the night in question. Moreover, the victim was felled by the first blow and, once downed, was rained with kicks and ax handle blows to the neck and head for "what seemed like 10 minutes." In fact, according to the defendant's own statement, the assailants continued to kick and strike the victim until the blows "started sounding mushy like." The autopsy report attributed the victim's death to blunt trauma to the head. The victim in this case would have no doubt met the same gruesome fate had he been stone cold sober. Here, the victim, in a surprise and violent attack, was assaulted and beaten to death by three men, one of whom apparently crushed his skull with an ax handle. Notwithstanding the majority's conclusion to the contrary, a clearer head would have made no difference.

While I am appalled by the brutal and senseless nature of the violent acts which took the victim's life, in my opinion, the State has failed to meet its burden of proving by the preponderance of the evidence that the victim's consumption of alcohol either led to his being targeted for the crime or that it in any way made him actually more vulnerable to the violent surprise attack upon him. Notwithstanding the majority's conclusion to the contrary, the trial judge's order finding the aggravating factor that "the victim was physically infirm because he had an alcohol concentration of .29%" was error. Pursuant to this Court's decision in *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983), this cause should be remanded for a new sentencing hearing.

Chief Justice EXUM joins in this dissenting opinion.