STATE OF NORTH CAROLINA v. BOBBY ALLEN RAINES

No. 8528SC1233

(Filed 3 June 1986)

1. **Rape and Allied Offenses § 1— second degree rape—no lesser offenses**

    Engaging in a sexual act and engaging in vaginal intercourse with a person over whom one's employer has custody are not lesser included offenses of second degree rape or committing a sex act in violation of N.C.G.S. § 14-27.5.

2. **Rape and Allied Offenses § 1— engaging in sexual act with one over whom one's employer has custody—meaning of custody**

    As used in N.C.G.S. § 14-27.7, the statute which makes it a felony to engage in a sexual act with a person over whom a defendant's employer has custody, "custody" does not mean legal control or restraint; rather, the statute is intended to protect from abuse all hospital patients, voluntary and committed alike.

3. **Rape and Allied Offenses § 6— engaging in sexual act with one over whom one's employer has custody—instructions on custody proper**

    In a prosecution of defendant for engaging in a sexual act and engaging in vaginal intercourse with a person over whom defendant's employer had custody, the trial court did not err in instructing the jury that "[a] medical hospital's housing of a patient would be custody," since the court, in so charging, stated a correct legal conclusion.

**4. Rape and Allied Offenses § 7; Criminal Law § 138.27— engaging in sexual act with one over whom one's employer has custody—sentence—finding of aggravating factor improper**

In a prosecution of defendant for engaging in a sexual act and engaging in vaginal intercourse with a person over whom defendant's employer had custody, conviction required a showing that defendant took advantage of his custodial position in committing the offenses involved; therefore, the trial court erred in finding as an aggravating factor that defendant took advantage of a position of trust or confidence to commit the offense, since evidence necessary to prove an element of the offense may not be used to prove any factor in aggravation.

APPEAL by defendant from *Lamm, Judge.* Judgments entered 15 July 1985 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 12 March 1986.

Defendant was convicted of two violations of G.S. 14-27.7 — engaging in a sexual act with a person over whom his employer had custody; and engaging in vaginal intercourse with a person over whom his employer had custody. Both offenses allegedly occurred on 13 July 1983 and in each instance defendant's employer was St. Joseph's Hospital in Asheville and the person the hospital allegedly had custody of was Sarah Horne Grindstaff, a patient in the hospital. In an earlier case based on the same events defendant was charged with second degree rape under G.S. 14-27.3 and acquitted; was charged with committing a sex act on a person who was *physically helpless* under G.S. 14-27.5 and was acquitted; and was charged and convicted of engaging in a sex act "by force and against her will" in violation of G.S. 14-27.5. That conviction was vacated upon appeal, however, because there was no evidence that defendant exerted any physical or constructive force in committing the offense. *State v. Raines,* 72 N.C. App. 300, 324 S.E. 2d 279 (1985). Thereafter, the grand jury indicted defendant for the two violations of G.S. 14-27.7 that are the subject of this appeal.

The State's evidence at trial tended to show the following: On the morning of 13 July 1983 Mrs. Grindstaff was voluntarily admitted into St. Joseph's Hospital suffering from a migraine headache, severe nausea, and vomiting; that afternoon she appeared to be having seizures and was moved into the intensive care ward, where she was connected to a heart monitoring device and an I.V. unit containing nutrients and medicines; the defend-

ant, an employee of the hospital, was the nurse in charge of the intensive care ward that night; during the course of the night, while Mrs. Grindstaff lay weak and ill in bed, on one occasion defendant inserted his hand into her vagina and on another occasion he had sexual intercourse with her. Defendant, testifying in his own behalf, denied having any improper contact with Mrs. Grindstaff.

*Attorney General Thornburg, by Assistant Attorney General Elisha H. Bunting, Jr., for the State.*

*Elmore & Powell, by Stephen P. Lindsay and Bruce A. Elmore, Sr., for defendant appellant.*

PHILLIPS, Judge.

Defendant makes three contentions in regard to his convictions — that the evidence was insufficient to prove his guilt of the crimes he was tried for; that the court erred in instructing the jury; and that because of the earlier trial this prosecution is barred by the double jeopardy clauses of the Fifth Amendment to the United States Constitution and Article One, Section 19 of the North Carolina Constitution. None of these contentions have merit and we overrule them.

[1]  As to defendant's double jeopardy pleas his contention is that the offenses he was convicted of are lesser included offenses of the crimes that he was acquitted of in the previous case and thus within the ambit of the Fifth Amendment under the rule laid down in *Brown v. Ohio*, 432 U.S. 161, 53 L.Ed. 2d 187, 97 S.Ct. 2221 (1977) and *Blockburger v. United States*, 284 U.S. 299, 76 L.Ed. 306, 52 S.Ct. 180 (1932). While the rule there laid down is as defendant states it, it does not apply to this case inasmuch as the offenses that defendant was convicted of are not lesser included offenses of the crimes that he was earlier tried for. This is because each of the crimes defendant was convicted of has essential elements — that defendant was an employee and his employer had custody of the alleged victim — that neither second degree rape, G.S. 14-27.3, nor committing a sex act in violation of G.S. 14-27.5 have. Thus the former trial did not put defendant in jeopardy of being convicted of the custodial offenses that are the basis for this case and the constitutional provisions relied upon do not apply. *State v. Revelle*, 301 N.C. 153, 270 S.E. 2d 476 (1980).

**[2]** Defendant's position as to the insufficiency of the evidence is that the State failed to prove the hospital had "custody" of Mrs. Grindstaff, as the indictment alleged and G.S. 14-27.7 requires. In pertinent part, G.S. 14-27.7 provides:

> . . . [I]f a person having custody of a victim of any age or a person who is an agent or employee of any person, or institution, whether such institution is private, charitable, or governmental, having custody of a victim of any age engages in vaginal intercourse or a sexual act with such victim, the defendant is guilty of a Class G felony.

Defendant contends that the word "custody" as used in the statute means legal control or restraint, which was not present since Mrs. Grindstaff voluntarily entered the hospital, a private institution, and could have left any time she wanted to. But in enacting this statute and making it applicable to private and charitable institutions, whose patients are nearly all voluntary, the General Assembly obviously used the word "custody" in its broadest sense, intending thereby, we believe, to protect from abuse all hospital patients, voluntary and committed alike. Certainly voluntary patients need the protection that the statute provides no less than committed patients; for though they have the power to terminate their stay, while they remain as patients of a hospital they are as vulnerable as committed patients to abuse by employees who have ready access to their quarters and supply them with food, drink, medication, assistance, and other necessary care. We therefore hold that the evidence tends to show that defendant's employer, St. Joseph's Hospital, had custody of Mrs. Grindstaff within the meaning of G.S. 14-27.7 when the alleged crimes were committed.

**[3]** The jury instruction that defendant objected to and cites as error also had to do with the hospital having "custody" of Mrs. Grindstaff. After correctly instructing that the State had to prove beyond a reasonable doubt that St. Joseph's Hospital had custody of Mrs. Grindstaff, that defendant was an employee of the hospital, and that he committed the sex acts charged, the court further charged: "Custody is the care, keeping or control of one person by another. A medical hospital's housing of a patient would be custody." This, too, is a correct instruction in our opinion. Though defendant sees the instruction that "[a] medical hospital's housing

of a patient would be custody" as dispensing with proof of an element of the crime that the State was required to prove, in so charging the court but stated a correct legal conclusion — as judges do who charge that a gun, knife or club is a deadly weapon, etc., *State v. Parker*, 7 N.C. App. 191, 171 S.E. 2d 665 (1970) — and it was the jury's province, as the court had charged, to determine as a fact whether custody had been proved beyond a reasonable doubt.

[4] But defendant's final contention, that the trial court erred in sentencing him on both counts by finding as an aggravating factor that the defendant "took advantage of a position of trust or confidence to commit the offense," is well taken. "Evidence necessary to prove an element of the offense may not be used to prove any factor in aggravation," G.S. 15A-1340.4(a)(1), and the evidence necessary to convict defendant tended to show he took advantage of his custodial position in committing the offenses involved. That the sentences imposed were less than the presumptive terms is not decisive. The defendant is entitled to a sentencing hearing on this count unaffected by an erroneously founded factor in aggravation. *State v. Gaynor*, 61 N.C. App. 128, 300 S.E. 2d 260 (1983).

No error in the trial.

Judgments vacated and remanded for resentencing.

Judges BECTON and COZORT concur.