STATE OF NORTH CAROLINA v. JIMMY DEAN RIOS

No. 8A87

(Filed 30 June 1988)

1. Criminal Law § 138.23— aggravating factor—armed with deadly weapon

The evidence supported the trial court's finding in aggravation that defendant was armed with a deadly weapon at the time he broke or entered the victim's dwelling house where testimony showed that defendant acquired a revolver when he shot a highway patrolman and still had it with him when he was captured, and a codefendant's testimony from his own sentencing hearing provided direct evidence that defendant had the patrolman's revolver at the time he entered the victim's house. Furthermore, this factor was properly found even though defendant made no use of the deadly weapon. N.C.G.S. § 15A-1340.4(a)(1)i (1983).

2. Criminal Law § 138.24— aggravating factor—age of breaking or entering victim

The trial court properly found as an aggravating factor that the victim of a breaking or entering was very old even though the victim was not at home at the time of the crime where the evidence showed that the victim was seventy-five years old and that defendant saw the victim and was aware that she was an older woman living in an isolated area before he decided to break and enter her residence, since the trial court could reasonably infer that defendant chose the victim as a target knowing that if she returned while he was in the house she would, by reason of age, be unlikely to effectively intervene or defend herself.

APPEAL by defendant pursuant to N.C.G.S. § 7A-27(a) from judgment imposing a life sentence entered by *Pope, J.*, at the 4 August 1986 Special Session of Superior Court, HENDERSON County, where defendant was convicted by a jury of first degree murder, robbery with a firearm, breaking or entering, and larceny after breaking. We allowed defendant's motion to bypass the Court of Appeals for review of his convictions for robbery with a firearm, breaking or entering, and larceny after breaking. Heard in the Supreme Court 8 December 1987.

*Lacy H. Thornburg, Attorney General, by Isaac T. Avery, III, Special Deputy Attorney General, and Linda Anne Morris, Associate Attorney General, for the state.*

*Arthur E. Jacobson for defendant appellant.*

EXUM, Chief Justice.

Defendant's assignments of error pertain to the trial judge's application of the Fair Sentencing Act, N.C.G.S. § 15A-1340.4. Defendant contends that the trial judge erred in finding in aggravation that (1) defendant was armed with a deadly weapon at the time he broke or entered the victim's dwelling house, N.C.G.S. § 15A-1340.4(a)(1)i, and (2) the victim of the breaking or entering was very old, N.C.G.S. § 15A-1340.4(a)(1)j. We find no error in the proceedings leading to defendant's sentence.*

At trial the state's evidence showed that on 26 August 1985 defendant and his cellmate, William Bray, escaped from the Franklin County Jail in Ozark, Arkansas, and fled to North Carolina. On 14 September 1985 in Madison County, North Carolina, in an attempt to avoid capture, defendant and Bray shot and killed Trooper Bobby Lee Coggins. Coggins was shot twice with a .25 caliber automatic pistol. He was also shot once in the head with his own .357 magnum revolver. On 16 September 1985 defendant and Bray broke and entered the home of Mrs. Rachel Gillespie. Mrs. Gillespie, a seventy-five year old widow, testified that on that night around 7:30 p.m. she decided to leave her home because "the Lord impressed upon her" to leave. Before she left she locked the doors and placed a stick between the top of her bedroom window and the window casing so that the window could not be raised. When Mrs. Gillespie returned to her home the following morning a rifle, blankets, food, and other small items were missing. The stick that had been placed between the top of her bedroom window and the window casing had been broken.

Following the report of the break-in, several police officers went to Mrs. Gillespie's house and searched the woods behind it. A short distance away they found a blanket and other small items taken from the house. They also found the rifle that had been stolen.

On 17 September 1985 defendant and Bray were arrested. Before they were captured, defendant dropped Coggins' .357 magnum revolver and kicked it away. When searched, Bray had the

---

* This case arises from the same set of facts reported in *State v. Bray*, 321 N.C. 663, 365 S.E. 2d 571 (1988). Only the facts pertinent to defendant's assignments of error will be discussed here.

.25 caliber automatic pistol used in the shooting of Trooper Coggins.

[1] Under his first assignment of error defendant, while admitting that he broke and entered the Gillespie home, contends the trial court erred in finding as an aggravating factor that he was armed with a deadly weapon at the time of the breaking. Defendant makes two arguments to support this contention. First, defendant argues the evidence presented at trial does not support the finding that he was armed with a weapon when he broke into the Gillespie home. We find no merit in this argument.

The state bears the burden of proving the existence of aggravating factors. *State v. Parker*, 315 N.C. 249, 337 S.E. 2d 497 (1985). The existence of such factors must be proved by a preponderance of the evidence. N.C.G.S. § 15A-1340.4(a) (1983).

At trial the state's evidence tended to show defendant removed Coggins' service revolver from the trooper's holster, shot him once in the head and took the revolver from the patrol car. The state also introduced William Bray's sworn testimony from his own sentencing hearing to this effect:

Q. Mrs. Gillespie was gone and you did go into the house did you not?

A. Yes, I did. . . .

Q. You, of course, knew that Rios had Patrolman Coggins' gun, did you not?

A. At the time, yes.

Further testimony showed that when defendant was captured he was seen to drop the .357 magnum revolver and kick it away.

This evidence tends to show defendant first acquired the revolver when he shot Trooper Coggins and had it with him when he was captured. Bray's testimony provides direct evidence defendant had Coggins' revolver at the time he entered Mrs. Gillespie's house. Considering all the evidence, circumstantial and direct, we conclude there was sufficient evidence from which the trial judge could find by a preponderance of the evidence that defendant was armed with a deadly weapon at the time he broke into Mrs. Gillespie's home. *See State v. Thompson*, 318 N.C. 395,

348 S.E. 2d 798 (1986) (holding evidence sufficient to support aggravating factors of old age and infirmity); *State v. Barts*, 316 N.C. 666, 343 S.E. 2d 828 (1986) (holding evidence sufficient to support aggravating factor of old age); *State v. Chatman*, 308 N.C. 169, 301 S.E. 2d 70 (1983) (holding evidence sufficient to support trial court's finding in aggravation that the offense was planned).

Second, defendant argues that even if the evidence supports the finding that he was armed at the time of the breaking, the use of this factor is misdirected since he made no use of the deadly weapon. We disagree.

The sentencing judge may find as a factor in aggravation that "[t]he defendant was armed with or used a deadly weapon at the time of the crime." N.C.G.S. § 15A-1340.4(a)(1)i (1983). As the statute makes clear this aggravating factor can be found if a defendant either uses a deadly weapon *or* is merely armed with one at the time of the crime. There is ample evidence here to prove the latter circumstance. Accordingly this assignment of error is overruled.

[2] Defendant next argues the sentencing judge improperly found as an aggravating factor that the victim was very old. N.C.G.S. § 15A-1340.4(a)(1)j (1983). He contends that since the victim was not at home, her age is irrelevant. Again we disagree.

Under the Fair Sentencing Act the trial court may find as an aggravating factor that "[t]he victim was very young, or *very old*, or mentally or physically infirm." N.C.G.S. § 15A-1340.4(a)(1)j (1983) (emphasis added). The policy underlying this aggravating factor is to deter criminals from taking advantage of a victim's age or mental or physical infirmity. *State v. Thompson*, 318 N.C. 395, 348 S.E. 2d 798 (1986); *State v. Barts*, 316 N.C. 666, 343 S.E. 2d 828 (1986).

> There are at least two ways in which a defendant may take advantage of the age of his victim. First, he may "target" the victim because of the victim's age, knowing that his chances of success are greater where the victim is very young or very old. Or the defendant may take advantage of the victim's age during the actual commission of a crime against the person of the victim, or in the victim's presence, knowing that the victim, by reason of age, is unlikely to effectively intervene or defend himself. In either case, the defendant's culpability is increased.

*State v. Thompson*, 318 N.C. at 398, 348 S.E. 2d at 800.

At trial defendant testified he and Bray spent the night in a barn on Mrs. Gillespie's land. The next morning, defendant awoke and saw Bray standing in the door of the barn looking toward the Gillespie house. He testified that Bray, upon seeing Mrs. Gillespie, spoke of taking her hostage. He also testified he and Bray watched Mrs. Gillespie leave.

There is no dispute Mrs. Gillespie was seventy-five years old at the time of the crime. Further, there is no dispute defendant saw Mrs. Gillespie and that before he decided to break and enter her residence, he was aware she was an older woman living in an isolated area. The trial court could reasonably infer defendant chose Mrs. Gillespie as a target knowing if she returned while he was in the house she would, by reason of age, be unlikely to effectively intervene or defend herself. We conclude, therefore, the trial judge properly found as an aggravating factor that the victim was very old.

In defendant's trial we find

No error.