## A96A0571. CLARK v. THE STATE.
(470 SE2d 816)

McMURRAY, Presiding Judge.

Defendant Clark appeals his conviction of the offense of armed robbery. *Held*:

The victim was dozing off in his truck which was parked at a convenience store. The motor was running as the victim was waiting while his girl friend made a brief stop at the store. The victim heard the door open, and when he looked up, he saw an intruder getting into the truck. The intruder stuck the sharp jagged edge of a broken beer bottle to the victim's throat and told him to move over. The victim grabbed the intruder's arm and pushed it back, but the intruder transferred the broken bottle to his other hand and moved it back towards the victim's throat. The victim escaped out the other side of the truck and started screaming for someone to call the police. The intruder drove away in the victim's truck.

The victim's truck was spotted by police a few hours later. Defendant was identified by officers as the individual who quickly parked the truck and walked away from it when they approached. The keys to the truck were found on the ground near defendant. Defendant told the officers that the keys were to his car, but the officers checked and found that they fit the truck. The victim identified defendant as the person who had taken his truck through the use of the broken beer bottle.

Defendant's argument that the broken beer bottle was not an

offensive weapon within the meaning of OCGA § 16-8-41 (a) is not well founded. This term includes not only weapons which are offensive per se, " '(but) also embraces other instrumentalities not normally considered to be offensive weapons in and of themselves but which may be found by a jury to be likely to produce death or great bodily injury depending on the manner and means of their use. (Cit.)' [Cit.]" *Eady v. State*, 182 Ga. App. 293 (1), 295 (355 SE2d 778). The manner in which the broken beer bottle was used in the case sub judice clearly authorized the jury to conclude that it was an offensive weapon.

Since there was evidence that defendant took the victim's truck and its contents through the use of an offensive weapon, the jury was authorized to conclude that defendant was guilty beyond a reasonable doubt of the offense of armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Defendant's arguments concerning the reliability of the identification testimony present only credibility issues within the exclusive province of the jury. *Sorrells v. State*, 218 Ga. App. 413 (1) (461 SE2d 904).

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED MAY 3, 1996.

*Edwards & Youmas, Brenda C. Youmas*, for appellant.
*Charles H. Weston, District Attorney, Kimberly S. Shumate, Thomas J. Matthews, Assistant District Attorneys*, for appellee.