STATE OF NORTH CAROLINA v. JAMES LINDSAY

No. COA06-1029

(Filed 7 August 2007)

### 1. Sentencing— prior record level—calculation—harmless error analysis

The trial court did not commit prejudicial error in an assault inflicting serious bodily injury case by calculating under N.C.G.S. § 15A-1340.14 defendant's prior record level for sentencing when it assessed points for being on probation, for convictions occurring in the same week of superior court, and for an out-of-state robbery conviction, because: (1) even if the trial court miscalculated the points involved, the improperly assessed points would not affect defendant's record level; and (2) a sentence within the presumptive range is accepted as valid unless the record shows the trial court considered improper evidence.

### 2. Appeal and Error— preservation of issues—motion to dismiss assignment of error—vagueness

The State's motion to dismiss defendant's assignment of error in an assault inflicting serious bodily injury case based on an alleged violation of N.C. R. App. P. 10(c)(1) is denied, because: (1) defendant references specific statutes and the applicable transcript and record page numbers; and (2) defendant's assignment of error plainly and concisely stated a specific trial court error.

Appeal by defendant from judgment entered 30 June 2005 by Judge J. Gentry Caudill in Mecklenburg County Superior Court. Heard in the Court of Appeals 5 June 2007.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Brenda Eaddy, for the State.*

*Eric A. Bach for defendant-appellant.*

HUNTER, Judge.

On appeal, James Lindsay ("defendant") contends that the trial court erred in calculating his prior record level for sentencing when it assessed points for being on probation, for convictions occurring in the same week of superior court, and for an out-of-state robbery conviction. After careful review, we hold that any miscalculation by the trial court did not affect defendant's sentencing and was therefore harmless error. We therefore find no error.

On 27 June 2005, defendant pled guilty to assault inflicting serious bodily injury, a class F felony, with no agreement on sentencing. The prior record level worksheet prepared by the State indicated that defendant had twenty-nine prior record level points, corresponding to a prior record level VI for sentencing. Defendant agreed and stipulated to the prior record level and points. The trial court accepted defendant's plea and found no aggravating or mitigating factors. On 30 June 2005, the court sentenced defendant within the presumptive range to imprisonment for a minimum of thirty-nine months and a maximum of forty-seven months.

Defendant appeals pursuant to N.C. Gen. Stat. § 15A-1444(a2) (2005), which allows a defendant to appeal a guilty plea as a matter of right when the defendant's prior record level was improperly calculated.

I.

[1] Defendant argues that the trial court incorrectly calculated his prior record level pursuant to N.C. Gen. Stat. § 15A-1340.14 (2005). Specifically, he contends that five of the twenty-nine points were improperly assessed, so his correct point total is twenty-four. He further asserts that, even though level VI includes all point totals from nineteen up, this error was not harmless because the trial court might have considered a shorter sentence within the presumptive range had he been assigned only twenty-four points. This argument is without merit.

This Court applies a harmless error analysis to improper calculations of prior record level points. *State v. Bethea*, 173 N.C. App. 43,

**STATE v. LINDSAY**

[185 N.C. App. 314 (2007)]

61, 617 S.E.2d 687, 698 (2005); *State v. Smith*, 139 N.C. App. 209, 219-20, 533 S.E.2d 518, 524 (2000). In both *Bethea* and *Smith*, the defendants argued that the trial courts erroneously assessed points in determining their prior record levels. *Id.* This Court held that even if the trial courts did miscalculate the points involved, this constituted harmless error, because deducting the improperly assessed points would not affect the defendants' record levels. *Id.*

Defendant makes a series of arguments as to why individual points were incorrectly assessed. However, whether the trial court miscalculated as to those five points is not dispositive in this case. Assuming *arguendo* that the trial court improperly included all five points, subtracting them would still leave defendant's prior record level at VI. Defendant was correctly sentenced within the presumptive range of an offender with a prior record level VI pursuant to N.C. Gen. Stat. § 15A-1340.17. A sentence in the presumptive range is accepted as valid, unless the record shows that the trial court considered improper evidence. *State v. Johnson*, 320 N.C. 746, 753, 360 S.E.2d 676, 681 (1987).

While the trial court might have erred in calculating defendant's points, any such error does not affect defendant's record level of VI or the appropriate presumptive sentencing range, and thus the error is harmless. We therefore find no prejudicial error.

II.

**[2]** In its brief, the State makes a motion to dismiss, arguing that defendant's assignment of error violated Rule 10(c)(1) of the North Carolina Rules of Appellate Procedure. We deny the motion.

Rule 10(c)(1) provides that an assignment of error must be stated plainly and concisely and "is sufficient if it directs the attention of the appellate court to the particular error about which the question is made[.]" N.C.R. App. P. 10(c)(1). Defendant's third assignment of error states:

The trial court's error in determining the Defendant's criminal history category pursuant to the North Carolina Structured Sentencing Act. The Defendant asserts as a legal basis Chapter 15A of the North Carolina General Statutes and the Due Process Clause of the United States Constitution, N.C. Constitution Art. I, § 19. The Defendant asserts constitutional error, structural error, prejudicial error, or in the alternative plain error.

Transcript page 20.

Record pages 16-20.

The State cites *State v. Mullinax*, 180 N.C. App. 439, 637 S.E.2d 294 (2006), to support its argument. In *Mullinax*, this Court ruled that the defendant violated Rule 10(c)(1) because his assignment of error was too vague when it stated only that the defendant's "prior record level was incorrectly calculated." *Id.* at 441, 637 S.E.2d at 296. The instant case is distinguishable from *Mullinax* in that defendant's assignment of error in our case is not as brief or vague. In fact, defendant references specific statutes and the applicable transcript and record page numbers. We find that defendant's assignment of error plainly and concisely states a specific trial court error. Therefore, the State's motion to dismiss is denied.

III.

Because the trial court's miscalculation of defendant's points does not affect his record level for sentencing, we find no error as to defendant's active prison sentence of thirty-nine to forty-seven months. Furthermore, we find that defendant's assignment of error complies with N.C.R. App. P. 10(c)(1) because it is sufficiently specific, and thus the State's motion to dismiss is denied.

No error.

Judges WYNN and BRYANT concur.