HUNTER, Judge.
 

 On 24 May 2007, Thomas Nathan Lee ("defendant") entered a negotiated plea of no
 
 *868
 
 contest to first degree rape, two counts of second degree rape, first degree kidnapping, two counts of assault by strangulation, larceny of a motor vehicle, and first degree burglary.
 

 In determining defendant's prior record level, the sentencing judge allocated points for prior convictions, including a New Jersey conviction of possession of a controlled substance on school property. The judge concluded that defendant had a prior record level III due to the five A1 or Class 1 misdemeanor convictions on his record. On 15 June 2007, defendant was sentenced to 269 to 332 months in prison. Defendant appeals this sentence. After careful review, we affirm the trial court's sentence.
 

 Defendant argues that the trial court erred in calculating defendant's prior record level because points were allocated for the New Jersey conviction despite the State's failure to establish that the offense was substantially similar to the corresponding North Carolina offense. We disagree.
 

 With regard to prior record level points allocation for a foreign conviction, our legislature has enacted the following:
 

 If the State proves by the preponderance of the evidence that an offense classified as a misdemeanor in the other jurisdiction is substantially similar to an offense classified as a Class A1 or Class 1 misdemeanor in North Carolina, the conviction is treated as a Class A1 or Class 1 misdemeanor for assigning prior record level points.
 

 N.C. Gen.Stat. § 15A-1340.14(e) (2007).
 

 This Court has found that the trial court errs if it sentences a defendant based in part on a prior foreign conviction that has not been proven to be substantially similar to the North Carolina equivalent by a preponderance of the evidence.
 
 State v. Morgan,
 

 164 N.C.App. 298
 
 , 309,
 
 595 S.E.2d 804
 
 , 812 (2004).
 

 In the case
 
 sub judice,
 
 we find that the prosecution met its burden of proof pursuant to N.C. Gen.Stat. § 15A-1340.14(e) by presenting the sentencing judge with a prior record level worksheet in which defendant stipulated in writing to the existence of the New Jersey conviction, its classification, and the points to be assigned to that conviction.
 

 On 24 May 2007, the prosecutor and defense counsel signed the following stipulation:
 

 The prosecutor and defense counsel, or the defendant, if not represented by counsel, stipulate to the accuracy of the information set out in Sections I. and IV. of this form,
 
 including the classification and points assigned to any out-of-state convictions,
 
 and agree with the defendant's prior record level or prior conviction level as set out in Section II.
 

 (Emphasis added.)
 

 Section I of the worksheet shows a total of five points, one of which represents the disputed Class 1 misdemeanor conviction in New Jersey for possession of a controlled substance on school property. Taking that conviction into account, Section II indicates that defendant's prior conviction level for felony sentencing purposes is III. Defendant does not dispute the information in the worksheet; rather he argues that the State did not present evidence at the sentencing hearing to prove that the possession charge is substantially similar to the North Carolina equivalent. We find that the stipulation in the worksheet is sufficient to uphold the prior record level which was the basis of defendant's sentence.
 

 Defendant argues that the worksheet stipulation pertained only to the existence of the New Jersey conviction, not to its substantial similarity to the corresponding North Carolina offense. To support his argument, defendant relies primarily on
 
 State v. Hanton,
 

 140 N.C.App. 679
 
 ,
 
 540 S.E.2d 376
 
 (2000), and
 
 State v. Morgan,
 

 164 N.C.App. 298
 
 ,
 
 595 S.E.2d 804
 
 .
 

 In
 
 State v. Hanton,
 
 the defendant was found guilty of second degree murder.
 
 Hanton,
 

 140 N.C.App. at 682
 
 ,
 
 540 S.E.2d at 378
 
 . On appeal, defendant asserted that his sentence was improperly calculated because the State failed to show that a foreign conviction was substantially similar to the North Carolina offense.
 
 Id.
 
 at 688-89,
 
 540 S.E.2d at 382
 
 . This Court agreed with defendant Hanton as there was no clear stipulation by the
 
 *869
 
 defendant, oral or written, and the State failed to present any evidence regarding substantial similarity of the crimes.
 
 Id.
 
 at 690,
 
 540 S.E.2d at 383
 
 . The Court stated, "[w]hile we agree that a defendant might stipulate that out-of-state offenses are substantially similar to corresponding North Carolina [] offenses, we do not agree that defendant did so here."
 

 Id.
 

 In the case at bar, the written stipulation explicitly stated that defendant agreed to the classification and points assigned to any out-of-state convictions, which is the basis of defendant's prior record level. By signing this stipulation, defendant relieved the State of any further burden to prove substantial similarity of the crimes.
 

 In
 
 State v. Morgan,
 
 the defendant was found guilty of assault with a deadly weapon inflicting serious injury.
 
 Morgan,
 

 164 N.C.App. at 300
 
 ,
 
 595 S.E.2d at 807
 
 . As in
 
 Hanton
 
 and the present case, the defendant argued that at sentencing the State failed to prove substantial similarity of a foreign conviction and therefore she was sentenced pursuant to an incorrect record level.
 
 Id.
 
 at 304,
 
 595 S.E.2d at 809
 
 . The Court found that the defendant stipulated to the existence of the prior convictions listed on the prior record level worksheet because defense counsel made arguments regarding the defendant's prior record level and did not otherwise object to the worksheet.
 
 Id.
 
 at 307,
 
 595 S.E.2d at 811
 
 . However, the Court held, "such stipulation did not extend to whether the out-of-state offenses were substantially similar to the respective North Carolina offenses."
 
 Id.
 
 at 308,
 
 595 S.E.2d at 811
 
 (citation omitted). Since the prosecution presented no evidence of substantial similarity for the defendant's foreign misdemeanors, and failed to present sufficient evidence regarding defendant's foreign felony conviction, the case was remanded for resentencing.
 
 Id.
 
 at 309,
 
 595 S.E.2d at 812
 
 .
 

 Morgan
 
 makes clear that there is a distinction between a stipulation to the existence of a foreign conviction and a stipulation to the substantial similarity of that conviction to the corresponding North Carolina crime. We adhere to this logic and find that defendant in this case stipulated to both the existence of the New Jersey charge and its substantial similarity to the corresponding North Carolina offense. According to N.C. Gen.Stat. § 15A-1340.14(f), the existence of a prior conviction can be proven by "[s]tipulation of the parties." As indicated in
 
 Hanton,
 
 the parties may also stipulate to substantial similarity of the offenses.
 
 Hanton,
 

 140 N.C.App. at 690
 
 ,
 
 540 S.E.2d at 383
 
 .
 

 In the signed stipulation defendant agreed, through knowledgeable counsel, to the points allocated for all prior convictions listed in the worksheet, including the New Jersey conviction. Defendant made an educated decision to enter the plea and accepted a sentence that was within the minimum presumptive range for a class III prior record level. It should be noted that while defendant was not required to object at the sentencing hearing to preserve this matter for appeal, defense counsel in this case did not object to the prior record level of III at the 15 June 2007 sentencing hearing. The sentencing judge adhered to the terms of the plea agreement and noted the prior record level, which defendant previously stipulated to in the worksheet.
 

 We recognize that "a mere worksheet, standing alone, is insufficient to adequately establish a defendant's prior record level."
 
 State v. Alexander,
 

 359 N.C. 824
 
 , 827,
 
 616 S.E.2d 914
 
 , 917 (2005). We find that a signed stipulation, however, is adequate to establish a prior record level, so long as "`"its terms ... [are] definite and certain in order to afford a basis for judicial decision...."'"
 
 Id.
 
 at 828,
 
 616 S.E.2d at 917
 
 (citations omitted). We hold that if the signed stipulation encompasses a clear agreement as to the classification and points assigned to a foreign conviction, as in this case, the State has met its statutory burden of proof and need not supply additional evidence to prove substantial similarity between the foreign conviction and the North Carolina equivalent. Thus, the trial court properly sentenced defendant in this case.
 

 Affirmed.
 

 Chief Judge MARTIN and Judge WYNN concur.