STATE OF NORTH CAROLINA
v.
VICTOR JOSEPH LAFOUNTAIN, Defendant.
No. COA08-924
Court of Appeals of North Carolina.
Filed June 16, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Charles E. Reece, for the State.
Appellate Defender Staples Hughes, by Assistant Appellate Defender Constance E. Widenhouse, for defendant-appellant.
GEER, Judge.
Defendant Victor Joseph LaFountain was sentenced to a term of 252 to 312 months imprisonment for second degree murder and a consecutive term of 108 to 139 months imprisonment for armed robbery. In determining defendant's prior record level, the trial court considered four convictions in Georgia. On appeal, defendant contends that the State presented insufficient evidence that defendant's four prior Georgia convictions were substantially similar to specific North Carolina crimes. We agree that the State failed to show that defendant's prior Georgia convictions were substantially similar to North Carolina offenses. We, therefore, remand for resentencing.

Facts
Defendant was indicted on 15 September 1997 for first degree murder and was charged in a bill of information on 16 February 1998 with robbery with a dangerous weapon. On 16 February 1998, defendant waived indictment on the robbery charge and pled guilty to second degree murder and robbery with a dangerous weapon in Clay County Superior Court. At his sentencing hearing, defendant stipulated that there was a factual basis for both guilty pleas and consented to a summary of the facts by the prosecutor. The prosecutor's summary included the following facts.
On 20 August 1997, defendant and his wife were driving through Clay County in a stolen car when they began to have car trouble. They pulled into a car wash where the victim, 70-year-old Guy Pinner, was alone washing his van. Defendant approached Mr. Pinner and struck him twice in the head with "a large drinking glass with a hard bottom on it." He dragged Mr. Pinner behind some underbrush and left him there, taking his van. Defendant and his wife then drove the van to Kentucky, where they were stopped for a traffic violation, and the van was discovered to be stolen. Mr. Pinner died as a result of his injuries.
After summarizing these facts, the State provided the trial court with a Prior Record Level Worksheet listing four prior criminal convictions that defendant received in Georgia: (1) a "Dangerous Drugs Offense" conviction in 1981 classified as a class I felony; (2) a "Theft by Taking" offense in 1982 classified as a class 1 misdemeanor; (3) "Armed Robbery" in 1982 classified as a Class D felony; and (4) "Burglary" in 1985 classified as a class H felony. The State contended that defendant had 11 prior record level points for purposes of the murder charge and 12 points for the armed robbery charge (adding a point because all the elements of the armed robbery offense were included in a prior offense), resulting in a prior record level IV. Defense counsel contended that defendant had only eight points and should be sentenced at a prior record level III. The trial court agreed with defendant and found him to be a prior record level III.
The State then asked the court to find various aggravating factors, including the factor that the victim was very old, while defendant asked the court to find as mitigating factors that defendant accepted responsibility for his conduct and that he had a "very troubled childhood." The trial court found the aggravating factor that the victim was very old and both mitigating factors; it further found that the aggravating factor outweighed the mitigating factors; and it sentenced defendant to an aggravated-range sentence of 252 to 312 months imprisonment for second degree murder and a consecutive aggravated-range sentence of 108 to 139 months imprisonment for robbery with a dangerous weapon.
On 13 June 2003, this Court granted defendant's petition for writ of certiorari to allow defendant to appeal his sentence. On 14 March 2008, the Appellate Entries were signed, and the Office of the Appellate Defender was assigned to perfect the appeal.[1]

Discussion
Defendant first contends that the State failed to meet its burden with regard to the proper classification of his prior Georgia convictions for purposes of calculating his prior record level. N.C. Gen. Stat. § 15A-1340.14(e) (2007) provides with respect to convictions from other states:
Classification of Prior Convictions From Other Jurisdictions.  Except as otherwise provided in this subsection, a conviction occurring in a jurisdiction other than North Carolina is classified as a Class I felony if the jurisdiction in which the offense occurred classifies the offense as a felony, or is classified as a Class 3 misdemeanor if the jurisdiction in which the offense occurred classifies the offense as a misdemeanor. If the offender proves by the preponderance of the evidence that an offense classified as a felony in the other jurisdiction is substantially similar to an offense that is a misdemeanor in North Carolina, the conviction is treated as that class of misdemeanor for assigning prior record level points. If the State proves by the preponderance of the evidence that an offense classified as either a misdemeanor or a felony in the other jurisdiction is substantially similar to an offense in North Carolina that is classified as a Class I felony or higher, the conviction is treated as that class of felony for assigning prior record level points. If the State proves by the preponderance of the evidence that an offense classified as a misdemeanor in the other jurisdiction is substantially similar to an offense classified as a Class A1 or Class 1 misdemeanor in North Carolina, the conviction is treated as a Class A1 or Class 1 misdemeanor for assigning prior record level points.

(Emphasis added.)
Defendant does not dispute the existence of the four prior Georgia convictions listed on the State's Prior Record Level Worksheet. Rather, defendant contends the State failed to meet its burden of proving the proper classification of the offenses or that any felony convictions were substantially similar to felonies higher than Class I felonies or that the misdemeanor convictions were substantially similar to Class A1 or 1 misdemeanors.
The State contends that defendant is precluded from raising this argument because he stipulated that his Georgia convictions should result in defendant's being sentenced as a prior record level III, and he was sentenced at that level. In support of this argument, the State relies exclusively on State v. Lee, ___ N.C. App. ___, 666 S.E.2d 867 (2008), in which this Court initially held that a defendant can stipulate to whether his prior convictions are substantially similar to North Carolina offenses. Subsequent to the filing of the State's brief, however, that opinion was withdrawn.
In the Court's new decision, State v. Lee, ___ N.C. App. ___, ___, 668 S.E.2d 393, 395 (2008), this Court held, in accordance with prior decisions, that a stipulation to a prior record level does not satisfy the State's burden to show substantial similarity, because the question whether an out-of-state crime is substantially similar to a North Carolina crime is a question of law that must be resolved by the trial court. See also State v. Palmateer, 179 N.C. App. 579, 582, 634 S.E.2d 592, 594 (2006) ("We are bound by prior decisions of a panel of this Court. Thus, we conclude that the stipulation in the worksheet regarding Defendant's out-of-state convictions was ineffective [to establish substantial similarity]."(internal citation omitted)); State v. Hanton, 175 N.C. App. 250, 255, 623 S.E.2d 600, 604 (2006) (holding that "the question of whether a conviction under an out-of-state statute is substantially similar to an offense under North Carolina statutes is a question of law to be resolved by the trial court").
Even if defendant's prior record level was improperly calculated, resentencing would not be necessary if the error was harmless. See State v. Lindsay, 185 N.C. App. 314, 315, 647 S.E.2d 473, 474 (2007) (explaining that "[t]his Court applies a harmless error analysis to improper calculations of prior record level points"). We cannot, however, determine from the record the basis on which the trial court reached its determination that defendant had eight points and was a prior record level III. Since the trial court's reasoning is not apparent to us, and the State does not dispute defendant's argument that the error was prejudicial, we remand for a new sentencing hearing in accordance with Hanton, Palmateer, and Lee. See also State v. Cao, 175 N.C. App. 434, 435, 626 S.E.2d 301, 302 (reversing and remanding because trial court's review of State's Prior Record Level Worksheet and defendant's criminal record was not enough to enable this Court to determine substantial similarity), appeal dismissed and disc. review denied, 360 N.C. 538, 634 S.E.2d 537 (2006). The concurring opinion's suggestion that we conduct this analysis in the first instance is simply not consistent with this Court's controlling precedent  especially since, as discussed below, this case must be remanded for resentencing in any event. On remand, the trial court must recalculate defendant's prior record level, making the determinations required by N.C. Gen. Stat. § 15A-1340.14(e). The trial court must first determine whether the crimes of which defendant was convicted were, under Georgia law, felonies or misdemeanors. The court then may address the issue of substantial similarity. The trial court may, if necessary, hear additional evidence on the issue. See State v. Hanton, 140 N.C. App. 679, 690, 540 S.E.2d 376, 383 (2000) (remanding for resentencing and directing that "[i]n the interests of justice, both the State and defendant may offer additional evidence at the resentencing hearing"); see also State v. Morgan, 164 N.C. App. 298, 309, 595 S.E.2d 804, 812 (2004) (citing Hanton and authorizing trial court to hear additional evidence in resentencing).
In addition, however, defendant contends that the record contains insufficient evidence to support the trial court's reliance on the victim's advanced age as an aggravating factor.[2] "[T]he trial court's finding of an aggravating factor must be supported by sufficient evidence to allow a reasonable judge to find its existence by a preponderance of the evidence." State v. Distance, 163 N.C. App. 711, 718, 594 S.E.2d 221, 226 (2004) (internal quotation marks omitted). Therefore, "[w]hen a defendant assigns error to the sentence imposed by the trial court, our standard of review is `whether [the] sentence is supported by evidence introduced at the trial and sentencing hearing.'" State v. Deese, 127 N.C. App. 536, 540, 491 S.E.2d 682, 685 (1997) (quoting N.C. Gen. Stat. § 15A-1444(a1) (Cum. Supp. 1996)).
N.C. Gen. Stat. § 15A-1340.16(d)(11) (2007) sets out as an aggravating factor the fact that "[t]he victim was very young, or very old, or mentally or physically infirm, or handicapped." In State v. Hines, 314 N.C. 522, 525, 335 S.E.2d 6, 8 (1985), our Supreme Court held that the victim's "[a]ge should not be considered as an aggravating factor in sentencing unless it makes the defendant more blameworthy than he or she already is as a result of committing a violent crime against another person." The Court emphasized:
A victim's age does not make a defendant more blameworthy unless the victim's age causes the victim to be more vulnerable than he or she otherwise would be to the crime committed against him or her, as where age impedes a victim from fleeing, fending off attack, recovering from its effects, or otherwise avoiding being victimized. Unless age has such an effect, it is not an aggravating factor under the Fair Sentencing Act.
Id.
In Deese, 127 N.C. App. at 540, 491 S.E.2d at 685, this Court, applying the Structured Sentencing Act, further explained that a defendant may take advantage of an elderly or young victim in at least two ways. "`First, he may "target" the victim because of the victim's age, knowing that his chances of success are greater where the victim is very young or very old.'" Id. (quoting State v. Rios, 322 N.C. 596, 599, 369 S.E.2d 576, 578 (1988)). Second, he "`may take advantage of the victim's age during the actual commission of a crime against the person of the victim, or in the victim's presence, knowing that the victim, by reason of age, is unlikely to effectively intervene or defend himself.'" Id. (quoting Rios, 322 N.C. at 599, 369 S.E.2d at 578). In Deese, this Court held that because "the record [was] devoid of any evidence suggesting that defendant took advantage of [the victim's] advanced years . . . the trial court erred in finding this aggravating factor." Id. at 541, 491 S.E.2d at 686.
We reach the same conclusion here. We note that no evidence was presented at the sentencing hearing although defendant stipulated that there was a factual basis for his guilty pleas and consented to the prosecutor's summarizing the factual basis. Defense counsel then proceeded to argue to the trial court defendant's version of what occurred.
In any event, the State, in support of its request for this aggravating factor, did not point to any fact tending to show that defendant targeted the victim because of his age or that the victim's age rendered him more vulnerable to attack than he otherwise would have been. As to this aggravating factor, the State simply argued to the trial court: "On the murder and the robbery we would contend aggravating factor #11 that the victim was very old. He was seventy-years old at the time of the crime and alone." Based on this record, we cannot distinguish this case from Deese. We, therefore, hold that the trial court erred in finding the victim's age to be an aggravating factor. See also State v. Styles, 93 N.C. App. 596, 607, 379 S.E.2d 255, 262 (1989) (holding that aggravating factor of victim's old age was inappropriate because there was "no evidence tending to show [the victim's] home was targeted for burglary because of her old age").
Remanded for resentencing.
Judge STEPHENS concurs.
Judge STEELMAN concurs in part and dissents in part in a separate opinion.
Report per Rule 30(e).
STEELMAN, Judge, concurring in part and dissenting in part.
I concur in the majority's analysis that the trial court erred in finding an aggravating factor and its conclusion that this case must be remanded for resentencing. However, I must respectfully disagree with the majority's analysis finding error in the computation of defendant's sentencing level.
Defendant's prior convictions in Georgia are not in dispute. The existence of these convictions can be established by stipulation. N.C. Gen. Stat. § 15A-1340.14(f) (2007); see also State v. Palmateer, 179 N.C. App. 579, 581, 634 S.E.2d 592, 593 (2006). The question is whether the Georgia convictions are "substantially similar to an offense in North Carolina." N.C. Gen. Stat. § 15A-1340.14(e) (2007). This analysis is a question of law to be performed by comparing the elements of the out-of-state offense with offenses in North Carolina. State v. Hanton, 175 N.C. App. 250, 254-55, 623 S.E.2d 600, 604 (2006) (citations omitted), disc. review denied, 362 N.C. 477, 666 S.E.2d 766 (2008). Before the appellate courts, questions of law are subject to a de novo standard of review. In re Appeal of Parsons, 123 N.C. App. 32, 38-39, 472 S.E.2d 182, 187 (1996) (quoting In re Appeal of Perry-Griffin Foundation, 108 N.C. App. 383, 393, 424 S.E.2d 212, 218, disc. review denied, 333 N.C. 538, 429 S.E.2d 561 (1993)).
A level III felony sentence requires 5-8 felony sentencing points. In this case, there is no dispute that defendant was convicted in Lowndes County, Georgia of armed robbery on 4 February 1982. Section 16-8-41(a) of the Georgia Code defines armed robbery as follows:
A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon. The offense of robbery by intimidation shall be a lesser included offense in the offense of armed robbery.
G.A. Code Ann. § 16-8-41(a) (2007). Section 17-10-6.1 of the Georgia Code states that armed robbery is a "serious violent felony." G.A. Code Ann. § 17-10-6.1(a) (2008).
N.C. Gen. Stat. § 14-87(a) defines robbery with a firearm or other dangerous weapon as follows:
Any person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another or from any place of business, residence or banking institution or any other place where there is a person or persons in attendance, at any time, either day or night, or who aids or abets any such person or persons in the commission of such crime, shall be guilty of a Class D felony.
N.C. Gen. Stat. § 14-87(a) (2007). Each of these statutes has as essential elements: (1) the taking of property, (2) from a person or their presence, and (3) by the use of a dangerous or offensive weapon. Under Georgia case law, an "offensive weapon" is defined as "likely to produce death or great bodily injury depending on the manner and means of their use." Clark v. State, 221 Ga. App. 273, 274, 470 S.E.2d 816, 817 (1996) (citing Eady v. State, 182 Ga. App. 293, 295, 355 S.E.2d 778, 781 (1987)). Under North Carolina case law, a dangerous weapon is synonymous with a deadly weapon. State v. Wiggins, 78 N.C. App. 405, 406, 337 S.E.2d 198, 199 (1985). "A deadly weapon is generally defined as any article, instrument or substance which is likely to produce death or great bodily harm." State v. Sturdivant, 304 N.C. 293, 301, 283 S.E.2d 719, 725 (1981). Thus, an "offensive weapon" under the Georgia Statutes is identical to a "dangerous weapon" under the North Carolina Statutes.
Defendant argues that because the Georgia statute provides that the offense can be committed by means of a "replica, article, or device having the appearance of such weapon" that it is not substantially similar to the North Carolina statute. In this assertion, defendant is mistaken.
When a person commits a robbery by the use or threatened use of an implement which appears to be a firearm or other dangerous weapon, the law presumes, in the absence of any evidence to the contrary, that the instrument is what his conduct represents it to be-an implement endangering or threatening the life of the person being robbed.
State v. Joyner, 312 N.C. 779, 782, 324 S.E.2d 841, 844 (1985) (citing State v. Thompson, 297 N.C. 285, 289, 254 S.E.2d 526, 528 (1979)) (emphasis in original).
I would hold that there was sufficient evidence presented under 15A-1340.14(e) to establish that a conviction in Georgia for armed robbery is "substantially similar" to the offense of robbery with a dangerous weapon in North Carolina, a Class D felony. N.C. Gen. Stat. § 15A-1340.14 provides that a Class D felony is 6 felony record points. N.C. Gen. Stat. § 15A-1340.14(b)(2) (2007). This one conviction, standing alone, is sufficient to support the trial court's determination that defendant was a prior record level III for felony sentencing purposes.
NOTES
[1] Although unexplained in the record, we note the extraordinarily excessive delay between our grant of defendant's petition for certiorari and the perfecting of this appeal.
[2] The United States Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531, must be found beyond a reasonable doubt by the jury under the Sixth Amendment), does not apply to this appeal because the appeal was not pending when Blakely was decided.