STATE OF NORTH CAROLINA
v.
GARY L. DAVIS

No. COA12-1054

Filed 19 March 2013

1.  **Criminal Law—instruction—flight**

    The trial court did not err in a second-degree murder case by instructing the jury on flight. Given that the shooting occurred after 2:30 am, defendant's decision to leave the state and return to Florida at such an early and unusual hour was an action outside of his likely normal pattern of behavior.

2.  **Sentencing—prior record level—improper assessment of out-of-state conviction**

    The trial court erred in a second-degree murder case in its consideration of defendant's Georgia conviction when assessing his prior record level. The case was remanded for resentencing.

Appeal by defendant from judgment entered 30 March 2012 by Judge Bradley B. Letts in Henderson County Superior Court. Heard in the Court of Appeals 27 February 2013.

*Michael E. Casterline, attorney for defendant.*

*Attorney General Roy Cooper, by Special Deputy Attorney General Daniel Snipes Johnson, for the State.*

ELMORE, Judge.

Gary L. Davis (defendant) appeals from a judgment entered upon a jury conviction of second-degree murder, sentencing him to 220 to 273 months imprisonment. After careful consideration, we conclude that defendant received a trial free from error, but we remand for resentencing.

## I.  Background

On 5 December 2008, defendant and a group of men were gathered at a house rented by Richard Shaw, located at 116 Jones Street in Hendersonville. Defendant was visiting from Florida and staying next door at his aunt Eve Jewel's house. At some point in the evening, defendant began arguing with one of the other men. The argument quickly escalated, and the group disbanded. Most of the men left, including defendant who went back to his aunt's house next door. However, Shaw and his friend Chris Jones remained in Shaw's house.

Some time later, defendant returned to Shaw's house and began knocking on the front door. When no one opened the door, defendant ran around to the back of the house, and kicked the back door open. Shaw and Jones then ran out of the house, and defendant fled in a white car.

Then, around 2:30 AM, Shaw and Jones heard two men arguing outside. Shaw recognized one of the voices as Keith Collins (the victim), a friend of both Shaw and Jones. Jones then exited the house and observed the victim arguing with defendant. Defendant then fired several shots, killing the victim. After the shooting, officers were unable to locate defendant, but he was arrested three months later in Florida.

Defendant was charged with first-degree murder and tried on 26 March 2012. At trial, the State presented evidence tending to show that defendant returned to Florida immediately after shooting the victim.

Accordingly, the trial court instructed the jury on flight. Defendant was then convicted of second-degree murder and sentenced to 220-273 months imprisonment. At the sentencing hearing, the trial court found defendant to have a prior record level of III, based in part upon a Georgia conviction for theft by taking. Defendant now appeals, arguing 1) that the trial court erred in instructing the jury on flight and 2) that the trial court erred in assessing his prior record level.

## II. Analysis

### A. Jury instruction on flight

**[1]** Defendant first argues that the trial court erred in its jury instructions, because the State presented no evidence tending to show that he took steps to avoid apprehension. We disagree.

"[Arguments] challenging the trial court's decisions regarding jury instructions are reviewed *de novo* by this Court." *State v. Osorio*, 196 N.C. App. 458, 466, 675 S.E.2d 144, 149 (2009). "[A] trial judge should not give instructions to the jury which are not supported by the evidence produced at the trial. *State v. Cameron*, 284 N.C. 165, 171, 200 S.E.2d 186, 191 (1973), *cert. denied*, 418 U.S. 905, 41 L. Ed. 2d 1153 (1974).

> This Court has held that an instruction on flight is justified if there is some evidence in the record reasonably supporting the theory that the defendant fled after the commission of the crime charged. Mere evidence that defendant left the scene of the crime is not enough to support an instruction on flight. There must also be some evidence that defendant took steps to avoid apprehension.

*State v. Blakeney*, 352 N.C. 287, 314, 531 S.E.2d 799, 819 (2000)(quotations and citations omitted).

Here, the State presented evidence tending to show that officers were unable to locate defendant for several months following the shooting. Specifically, the lead detective on the case testified that on the night of the shooting officers searched for defendant at his aunt's house but were unable to locate him there. Officers continued to search for defendant throughout the neighborhood, but he was nowhere to be found. Rather, officers received word that defendant had left the state, at which point they "enlisted the help of the U.S. Marshals." According to the lead detective, the U.S. Marshals found defendant three months later in Florida.

However, defendant contends that his presence in Florida, the state where he lived, is not indicative of whether he avoided apprehension. Again, we disagree.

This Court has held that an action "not part of Defendant's normal pattern of behavior . . . could be viewed as a step to avoid apprehension." *State v. Hope*, 189 N.C. App. 309, 319, 657 S.E.2d 909, 915 (2008) (quotations and citation omitted). Here, the State offered evidence showing that defendant "had resided at [his aunt's] residence before the shooting," but that after the shooting he did not return to his aunt's house but returned to Florida instead. Given that the shooting here occurred after 2:30 AM, we conclude that defendant's decision to leave the state and return to Florida at such an early and unusual hour is an action outside of his likely normal pattern of behavior. As such, we conclude that the trial court did not err in instructing the jury on flight.

## B. Prior record level

**[2]** Defendant's second argument is that the trial court erred in considering his Georgia conviction when assessing his prior record level. Defendant contends that his Georgia conviction for theft by taking is not substantially similar to the offense of misdemeanor larceny. We agree, and we note that the State has conceded this issue on appeal.

> The standard of review relating to the sentence imposed by the trial court is whether the sentence is supported by evidence introduced at the trial and sentencing hearing. [T]he question of whether a conviction under an out-of-state statute is substantially similar to an offense under North Carolina statutes is a question of law requiring *de novo* review on appeal.

*State v. Sanders*, __ N.C. App __, __, 736 S.E.2d 238 (2013) (quotations and citation omitted) (alteration in original).

> Generally, a conviction occurring in a jurisdiction other than North Carolina . . . is classified as a Class 3 misdemeanor if the jurisdiction in which the offense occurred classifies the offense as a misdemeanor. No sentencing points are assigned for Class 3 misdemeanor convictions. However, [i]f the State proves by the preponderance of the evidence that an offense classified as a misdemeanor in the other jurisdiction is *substantially similar* to an offense classified as a Class A1 or Class 1 misdemeanor in North

Carolina, the conviction is treated as a Class A1 or Class 1 misdemeanor for assigning prior record level points.

Here, the State bore the burden of proving that defendant's Georgia conviction for theft by taking counted towards his prior record level. However, the record indicates that the trial court erroneously assigned defendant one prior record point for the conviction without any argument from the State. Further, we conclude that the Georgia offense is not substantially similar to misdemeanor larceny.

Under Georgia law, "[a] person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." O.C.G.A. § 16-8-2 (2012). Under the statute it is "irrelevant whether the deprivation . . . [is] permanent or temporary." *Smith v. State*, 172 Ga. App. 356, 357, 323 S.E.2d 257, 258 (1984) (quotations and citations omitted)(alterations in original). In contrast, "temporary deprivation will not suffice" for misdemeanor larceny. *State v. Watts*, 25 N.C. App. 194, 198, 212 S.E.2d 557, 559 (1975).

As such, we conclude that the two offenses are not substantially similar. Accordingly, we remand for resentencing.

No trial error, remanded for resentencing.

Judges BRYANT and ERVIN concur.