BRYANT, Judge.
Where defendant specifically bargained for a sentence in the mitigated range for both a level III and level IV offender, any error in calculating defendant's prior record level was harmless, and we affirm the judgments of the trial court.
On 17 April 2014, defendant Jeremy Michael Perry pled guilty in district court to Driving While Impaired ("DWI") and providing fictitious information to a law enforcement officer. Defendant appealed to superior court for a trial de novo. On 3 November 2014, defendant entered into a plea arrangement with the State regarding several pending charges. Under the plea arrangement, defendant entered an Alford plea to sale of cocaine, assault on a detention employee inflicting physical injury, DWI, and attaining habitual felon status. In exchange, the State dismissed thirteen other pending charges. Defendant, through his counsel, stipulated that he had eleven prior record level points, making him a prior record level IV offender.
In accordance with the agreement, the trial court consolidated the felonies for judgment and sentenced defendant in the mitigated range to sixty-six to ninety-two months of imprisonment. For the DWI conviction, the trial court sentenced defendant to an active term of sixty days, to run concurrently with his felony sentence. On 3 December 2014, defendant filed a written notice of appeal from judgments entered upon his Alford plea to one count each of sale of cocaine, assault on a detention employee inflicting physical injury, DWI, and attaining habitual felon status. Appellate entries were entered on 11 January 2016.[1]
Petition for Writ of Certiorari
As an initial matter, we must determine whether defendant's appeal is properly before us. Appellate Rule 4, which governs appeals in criminal cases, requires that notice of appeal be given either orally at trial or filed within fourteen days after the entry of judgment. N.C. R. App. P. 4(a)(1) (2017). In the instant case, defendant attempted to appeal from his judgments approximately one month after they were entered, which was beyond the fourteen-day deadline established in Rule 4. Accordingly, we must grant the State's motion to dismiss defendant's appeal. See State v. Hammonds , 218 N.C. App. 158, 162, 720 S.E.2d 820, 823 (2012) ("[A] jurisdictional default, such as a failure to comply with Rule 4, 'precludes the appellate court from acting in any manner other than to dismiss the appeal.' " (quoting Dogwood Dev. & Mgmt. Co. v. White Oak Trasnp. Co. , 362 N.C. 191, 197, 657 S.E.2d 361, 365 (2008) ).
However, defendant has also filed a petition for writ of certiorari seeking review of his judgments. Appellate Rule 21 permits this Court to issue a writ of certiorari to review lower court judgments "when the right to prosecute an appeal has been lost by failure to take timely action[.]" N.C. R. App. P. 21(a)(1) (2017). Although defendant's notice of appeal was untimely, in our discretion, we allow his petition for writ of certiorari and consider the merits of his appeal.
_________________________
Defendant's sole argument is that the trial court erred by sentencing him as a prior record level IV offender. He contends that three of his prior record level points were improperly assessed and that he was, in actuality, a level III offender. However, even assuming, arguendo , that defendant is correct, he has failed to show prejudicial error. See State v. Lindsay , 185 N.C. App. 314, 315-16, 647 S.E.2d 473, 474 (2007) ("This Court applies a harmless error analysis to improper calculations of prior record level points." (citations omitted)).
"[T]his Court repeatedly has held that an erroneous record level calculation does not prejudice the defendant if the trial court's sentence is within the presumptive range at the correct record level." State v. Ballard , --- N.C. App. ----, ----, 781 S.E.2d 75, 79 (2015), disc. rev. denied , --- N.C. ----, 782 S.E.2d 514 (2016) (citations omitted). In this case, the terms of the plea arrangement stated that "[d]efendant will receive a mitigated active sentence of sixty-six months minimum and ninety-two months maximum with credit for time served." That sentence, which was specifically bargained for by defendant, is in the mitigated range for both a level III and level IV offender. See N.C. Gen. Stat. § 15A-1340.17(c), (e) (2015). Accordingly, any error in calculating defendant's prior record level was harmless. See id. ; Lindsay , 185 N.C. App. at 315-16, 647 S.E.2d at 474.
AFFIRMED.
Report per Rule 30(e).
Judges DAVIS and ZACHARY concur.

The record on appeal does not provide an explanation for this delay.