IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-5

No. COA19-1125

Filed: 2 February 2021

Buncombe County, Nos. 17CRS083195, 17CRS086273, 17CRS086275

STATE OF NORTH CAROLINA

v.

ELEANOR BLACK, Defendant.

Appeal by Defendant from judgment entered 17 May 2019 by Judge Peter B. Knight in Buncombe County Superior Court. Heard in the Court of Appeals 12 January 2021.

*Attorney General Joshua H. Stein, by Assistant Attorney General Jessica V. Sutton, for the State.*

*Jarvis John Edgerton, IV, for Defendant-Appellant.*

INMAN, Judge.

¶ 1     When enhancing a criminal defendant's sentence based on a prior criminal offense committed in another state, the trial court must consider the legal elements of the out-of-state offense to determine that it is substantially similar to a North Carolina offense. This is a legal issue that cannot be waived by a criminal defendant's stipulation.

Eleanor Black ("Defendant") contends that the trial court erred in calculating her prior record level for sentencing by finding that several out-of-state misdemeanor convictions were substantially similar to Class 1 or Class A1 misdemeanor offenses in North Carolina and by imposing a civil judgment for attorney's fees before offering Defendant the opportunity to be heard. After careful review, we hold the trial court erred in finding the out-of-state offenses were substantially similar to North Carolina misdemeanors without comparing the elements of each statute. We also hold that the trial court further erred in assigning attorney's fees without providing Defendant notice and the opportunity to be heard.

## I. FACTUAL & PROCEDURAL HISTORY

Defendant pled guilty to attempted identity theft and possession of a stolen motor vehicle on 17 May 2019. Her plea agreement provided that the two Class H felony charges "will be consolidated into [one] judgment for supervised probation" but left open for the trial court to decide the remaining aspects of the sentence.

The sentencing worksheet prepared by the State indicated that Defendant had fourteen prior record points, based on ten out-of-state convictions, each assigned a corresponding number of points and calculated to fall within the range of a prior record level V for sentencing purposes. Four of the convictions were classified as Class I felonies, accounting for two points each and a total of eight of Defendant's prior record points. The remaining six out-of-state convictions were all classified as

Class 1 misdemeanors; they were assigned one point each and accounted for the remaining six prior record points. Defendant and her counsel stipulated to these prior convictions and classifications by signing the sentencing worksheet under "Section III: Stipulation."

¶ 5       At the plea hearing, the State furnished the trial court with copies of each out-of-state misdemeanor statute as evidence that the offenses were "substantially similar" to a North Carolina offense to support their classification as Class 1 misdemeanors. The trial court accepted the copies of the statutes and, without further review, asked Defendant's counsel "whether you object my finding they're similar status in North Carolina." Defense counsel did not respond before the prosecutor addressed the return of Defendant's personal items. After that interruption, Defendant and her counsel ultimately agreed to "14 prior record points and a prior record level, therefore, of five for felony sentencing purposes."

¶ 6       Before sentencing, Defendant's counsel stated to the trial court, "I was appointed in this matter with 16 and a half hours at $990." The trial court did not ask Defendant about the attorney's hours or fees.

¶ 7       The trial court found a factual basis for the felony charges, accepted the signed plea agreement, and consolidated Defendant's felony convictions. The trial court found no aggravating or mitigating factors and sentenced Defendant within the presumptive range for a Class H felony and a prior record level V to a sentence of 15

to 27 months, suspended for 36 months of supervised probation. Defendant was also ordered to pay court costs and to reimburse the State $990 for her legal fees.

¶ 8 Defendant now appeals pursuant to N.C. Gen. Stat. § 15A-1444(a2)(1) (2019), which allows a defendant to appeal a guilty plea as a matter of right when his or her prior record level has been miscalculated.

## II. ANALYSIS

*A. Prior Record Level*

¶ 9 Defendant first contends that the trial court erred by improperly counting out-of-state misdemeanor convictions toward her prior sentencing points without considering whether each conviction was substantially similar to any North Carolina Class A1 or Class 1 misdemeanor.

¶ 10 "The trial court's determination of a defendant's prior record level is a conclusion of law, which this Court reviews *de novo* on appeal." *State v. Threadgill*, 227 N.C. App. 175, 178, 741 S.E.2d 677, 679-80 (2013) (citations omitted). Even so, "[w]hether a particular out-of-state comparison is substantially similar to a particular North Carolina offense is subject to harmless error review." *State v. Weldon*, 258 N.C. App. 150, 160, 811 S.E.2d 683, 691 (2018) (citing *State v. Riley*, 253 N.C. App. 819, 824, 802 S.E.2d 494, 498 (2017)). A miscalculation of the points is harmless where "deducting the improperly assessed points would not affect the defendant['s] [prior] record levels." *State v. Lindsay*, 185 N.C. App. 314, 316, 647

S.E.2d 473, 474 (2007) (citing *State v. Bethea*, 173 N.C. App. 43, 61, 617 S.E.2d 687, 698 (2005); *State v. Smith*, 139 N.C. App. 209, 219-20, 533 S.E.2d 518, 524 (2000)).

A prior record level is determined by calculating the sum of the points assigned to each of the offender's prior convictions. N.C. Gen. Stat. § 15A-1340.14(a). When a prior misdemeanor conviction is for an offense not substantially similar to an offense defined by North Carolina law, the conviction is treated as a Class 3 misdemeanor and is not counted as a prior record point for sentencing purposes. *Id.* § 15A-1340.14 (b)(5),(e). However,

> [i]f the *State proves by preponderance of the evidence* that an offense classified as a misdemeanor in the other jurisdiction is *substantially similar* to an offense classified as a Class A1 or Class 1 misdemeanor in North Carolina, the conviction is treated as a Class A1 or Class 1 misdemeanor for assigning prior record level points.

*Id.* § 15A-1340.14(e) (emphasis added). A Class A1 or Class 1 misdemeanor receives one prior record level point in sentencing calculation. *Id.* § 15A-1340.14(b)(5).

Certainly, a defendant may stipulate to a prior conviction, "admitting that certain past conduct constituted a stated criminal offense." *State v. Arrington*, 371 N.C. 518, 522, 819 S.E.2d 329, 332 (2018); N.C. Gen. Stat. § 15A-1340.14(f)(1). For an out-of-state conviction, a trial court "may accept a stipulation that the defendant in question has been convicted of a particular out-of-state offense and that this offense is either a felony or a misdemeanor under the law of that jurisdiction" for sentencing

purposes. *State v. Bohler*, 198 N.C. App. 631, 638, 681 S.E.2d 801, 806 (2009). But the trial court "may not accept a stipulation to the effect that a particular out-of-state conviction is 'substantially similar' to a particular North Carolina felony or misdemeanor." *Id.* at 637-38, 681 S.E.2d at 806; *see also State v. Glover*, 267 N.C. App. 315, 326, 833 S.E.2d 203, 211 (2019), *reversed on other grounds by State v. Glover*, __ N.C. __, __S.E.2d __, 2020 WL 7416450 (N.C. Dec. 18, 2020) (declining to interpret our Supreme Court's recent holding in *Arrington* "to overrule our longstanding precedent that the parties may not stipulate to the substantial similarity of an out-of-state conviction, nor its resulting North Carolina classification").

¶ 13    Instead, "whether the out-of-state conviction is substantially similar to a North Carolina offense is a question of law involving comparison of the elements of the out-of-state offense to those of the North Carolina offense." *State v. Fortney*, 201 N.C. App. 662, 671, 687 S.E.2d 518, 525 (2010) (citing *State v. Hanton*, 175 N.C. App. 250, 255, 623 S.E.2d 600, 604 (2006)). Printed copies of the out-of-state statutes "*and comparison of their provisions to the criminal laws of North Carolina* [are] sufficient to prove by a preponderance of the evidence that the crimes of which defendant was convicted in those states were substantially similar to classified crimes in North Carolina." *State v. Rich*, 130 N.C. App. 113, 117, 502 S.E.2d 49, 52 (1998) (emphasis added); N.C. Gen. Stat. § 8-3(a).

¶ 14     In this case, the State presented the trial court with copies of each of the out-of-state criminal statutes underlying Defendant's prior convictions, but the prosecutor made no attempt to compare their provisions to the purportedly similar classified crimes in North Carolina. Further, there is no indication in the record that the trial court made any such comparison. *See Hanton*, 175 N.C. App. at 255, 623 S.E.2d at 604.

¶ 15     If even one of the out-of-state misdemeanors Defendant had committed were *not* substantially similar to a North Carolina offense, the miscalculation would alter Defendant's prior record level, constituting legal error. *See Lindsay*, 185 N.C. App. at 316, 647 S.E.2d at 474 ("Even if the trial courts did miscalculate the points involved, this constituted harmless error, because deducting the improperly assessed points would not affect the defendants' record levels.") (citations omitted). For example, as Defendant asserts, the Florida misdemeanor offense of petit theft is different on its face than the North Carolina misdemeanor larceny statute. Florida's petit theft statute, unlike North Carolina's misdemeanor larceny statute, does not require evidence of intent to permanently deprive the possessor of the stolen property's use—a temporary deprivation will suffice. *Compare* Fla. Stat. § 812.014(1), *with* N.C. Gen. Stat. § 14-72; *see also State v. Davis*, 226 N.C. App. 96, 100, 738 S.E.2d 417, 420 (2013) (holding that Georgia's theft by taking statute was not substantially similar to the North Carolina misdemeanor larceny statute because

the Georgia statute provided that deprivation could be permanent or temporary). In other words, a person could be guilty of petit theft in Florida but not guilty of larceny in North Carolina if that person lacks the requisite intent to permanently deprive another of property as required by our state's criminal provisions. If the two offenses are not substantially similar, Defendant's Florida petit theft conviction would default to a Class 3 misdemeanor and it would not count toward Defendant's prior record points. As a result, Defendant would lose one prior record point—from fourteen to thirteen total points—moving her into a prior record level IV where the highest end of the presumptive range is between 11 and 23 months—below the 15 to 27-month term imposed.

¶ 16    If the trial court determined that none of the five challenged out-of-state misdemeanors is substantially similar to a North Carolina offense, Defendant's point calculation would fall within a prior record level III, reducing Defendant's permissible sentence even further to 10 to 21 months.

¶ 17    Because the record does not indicate that the trial court compared the elements of each out-of-state statute to a purportedly similar North Carolina offense and any error in miscalculation of prior record points was not harmless, we remand the case for resentencing.

*B. Attorney's Fees*

¶ 18 Defendant next argues, and the State concedes, that the trial court erred in entering a civil judgment for attorney's fees because the trial court did not properly allow Defendant to be heard on the issue.

¶ 19 Before entering civil judgments against indigent defendants for fees imposed by their court-appointed attorneys, *State v. Jacobs*, 172 N.C. App. 220, 235, 616 S.E.2d 306, 316 (2005), "[a] convicted defendant is entitled to notice and an opportunity to be heard." *State v. Webb*, 358 N.C. 92, 101, 591 S.E.2d 505, 513 (2004) (citation omitted). Specifically, "trial courts should ask defendants—personally, not through counsel—whether they wish to be heard on the issue." *State v. Friend*, 257 N.C. App. 516, 523, 809 S.E.2d 902, 907 (2018).

¶ 20 Here, prior to sentencing, Defendant's counsel informed the court that he was appointed, claimed he had completed 16 and a half hours of work on the matter at $990, and presented the trial court with a fee application.

¶ 21 Because the trial court did not offer Defendant an opportunity to be heard regarding the total number of hours worked or the total amount of fees requested by her attorney, we vacate the imposed civil judgment as to the attorney's fees without prejudice to the State's right to apply for a judgment after due notice to Defendant and a hearing. *Jacobs,* 172 N.C. App. at 236-37, 616 S.E.2d at 317; *see also Friend*, 257 N.C. App. at 523, 809 S.E.2d at 907.

## III.   CONCLUSION

For the above-mentioned reasons, we hold the trial court erred in concluding the out-of-state offenses were substantially similar to certain North Carolina crimes for sentencing purposes absent comparison of the elements of each statute, and it erred by imposing attorney's fees without providing Defendant the opportunity to be heard. Accordingly, we remand the case for resentencing and vacate the imposed civil judgment of attorney's fees.

VACATED AND REMANDED.

Judges DILLON and ARROWOOD concur.